UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DISTRICT OF BOSTON

04 11520 RWZ

| | |
|---|---|
| NEAL A. COWE<br>    PLAINTIFF<br><br>vs.<br><br>LYNCH, BREWER, HOFFMAN AND SANDS<br>Allis LYNCH, BREWER, HOFFMAN & FINK<br>And<br>COMMONWEALTH OF MASSACHUSETTS<br>ADMINISTRATIVE CHIEF JUSTICE OF THE<br>SUPERIOR COURT SUSAN DELVECCHIO<br>And<br>COMMONWEALTH OF MASSACHUSETTS<br>OFFICIAL COURT REPORTER LILA MOREAU<br>SLOANE & WALSH<br>MITCHELL & DESIMONE<br>    DEFENDANTS | MAGISTRATE JUDGE Bowler<br>CIVIL ACTION<br>NO. _____<br><br>ABUSE OF POWER<br><br>CORPORATE FRAUD<br><br>WORKERS<br>COMPENSATION FRUAD<br><br>ATTORNEY MALPRACTICE |

COMPLAINT

[1.] The Plaintiff Neal A. Cowe is a resident of Jonesboro, Clayton County, Georgia 30238 and is a citizen of The United States of America.

[2.] The defendants Lynch, Brewer, Hoffman and Sands is a Corporation Licensed by The Commonwealth of Massachusetts Supreme Judicial Court to Practice Law in Massachusetts and are located at 101 Federal St. 22nd fl. Boston, Massachusetts 02108.

[3.] Lynch, Brewer, Hoffman & Fink is the same corporation that employ's Mr. J. Alan Holland and are now a Limited Liability Partnership (LLP.)

[4.] The Defendant Administrative Chief Justice of The Superior Court of The Commonwealth of Massachusetts is Susan Delvecchio is located at Administrative Office's 90 Devonshire St. Post Office Sq. Boston, Mass. 02109

[5.] The Defendant Commonwealth of Massachusetts Official Court Reporter Is Mrs. Lila Moreau resides at 29 Almont St. Winthrope, Suffolk County Massachusetts and is employed in The Suffolk County Superior Court.

[6.] Sloane & Walsh is a firm licensed to practice law in The Commonwealth Is located at 3 Center Plaza Boston, Massachusetts 02108 and employ's Mr. John P. Ryan and is a member of the Boston Bar Association.

[7.] Mitchell & DeSimone are a law firm located at 99 Summer St. Boston, Massachusetts 02110 are members of the bar, Mr. Paul E. Mithcell is a Senior partner of the corporation.

## JURISDICTION

[8.] The United State District Courthouse is located at 1 Courthouse Way Suffolk, County at The John Joseph Moakley Federal Courthouse and has Jurisdiction Over this matter pursuant to 28, U. S. C. § 1331, in Eastern District of United States.

## FACTS

### Count I

[9.] On or about January 30, 1987 the plaintiff Neal A. Cowe entered into a Contingent Fee Agreement with the defendant Lynch, Brewer, Hoffman And Sands to represent him in an underlying personal injury claim and A Legal Malpractice action for representation he received from Pappas Lenzo a Boston, law firm at 114 Union Wharf Boston, Massachusetts.

[10.] On February 3, 1987 Lynch, Brewer, Hoffman & Sand (L,B,H,&S) filed In The Middlesex Superior Court a case known as M.I.C. 87-644 which Was eventually dismissed in a Non-Suit action on the part of (L,B,H,&S) By Judge McDaniel's let the plaintiff's case go by the wayside from their Own years of neglect in the amount of $ 1,500,000.00.

Count II

[11.] On December 21, 1987 the law firm of (L,B,H,&S) filed another law suit In The Middlesex Superior Courthouse at 40 Thorndike St. Cambridge Ma. A case known as M.I.C. 87-7468 led the plaintiff to believe this was a legal Case but any lay person can see it statute expired on February 5, 1987 three After the initial accident injury in the amount of $500,000,000.00 dollars.

[12.] On or about January 30, 1991 the plaintiff had just arrived home from a day In which he had a carpal tunnel release performed by Nabil Basta M.D. did Receive a call from his attorney J. Allen Holland is frankly disappointing In moving, my case along in the court for the past 4 years, was asked to Return the case file, but refused, its return and or to move forward in the Case violated "Cowe's" civil right in the amount of $1,500,000,00 dollars.

Count III

[13.] The plaintiff has two root issues in which the first is that he was struck from Behind at a high rate of speed in a head-on rear-end collision on a Middlesex County 495 N on Sunday night February 5, 1984 approximately 11:30 P.M. In which "Cowe" was injured and would eventually become totally disabled.

[14.] The Second cause of action arises from a worker compensation issue where "Cowe" was unable to resume his full time employment as a floor installer Was knocked out of the trade at 32 years of age. In the late spring of 1987 The plaintiff was re-employed as a floor salesman for M & Z Corporation Of Saugus, Ma. was hired at $350.00 a week plus 3% of his monthly sales.

[15.] On August 25, 1987 at 199 Broadway Saugus, Ma. Where Mr. Cowe was Employed was assisting a customer in a discrepancy order which was not "Cowe's" sale, nor his shipment of ceramic tiles, placed a single case that Was left behind from his order on the conveyor belt and received a striking Pain in his back that collapsed him to the floor.

[16.] An ambulance was called to the scene and "Cowe" was removed by Life-Line Ambulance Service to The Melrose-Wakefield Hospital where he was Treated and released home to bed rest.

[17.] For several years afterwards the attorneys of (L,B,H,&S) continued my case On the basis that a doctors medical opinion could be certain that the injuries Were related by that medical certainty, but failed to act on the issue after it

Was received from Dr. Gregory Brick Of Brigham & Womens Hospital in 1991 pursued an outlawed case, by statute in the amount of $1,500,000.00.

Count IV

[18.]   During this interim period March 1992 (L,B,H,&S) called the plaintiff and Told "Cowe" that he would have to Bifurcate his medical case in damages And proceed on the liability issue, because Judge Gershengorn had ordered The case bifurcated was untrue and that this case has astounding similarities Another case being handled by (L,B,H,&S) Grier V. McGrath Lumber Co.

[19.]   In October 1992 the plaintiff's case was set for Trial but would be continued Until November 10, 1992 when 11/10/92 arrived "Cowe" received another Letter explaining that J. Allen Holland would be on vacation and that Alan Hoffman was unavailable as he was tied up on Grier V. McGrath F. 1;89-CV-1665 a lumber case post-phoned "Cowe's" trial again on Dec. 10, 1992.

[20.]   The corporation never told the plaintiff that his attorney J. Allen Holland Was cited by Skinner Walter J., D. J for contempt in a Legal Malpractice Action in which he was fined substantially for misleading the judge in a Contempt issue cited May 14, 1993 Sec. C Mr. Holland's liability Pgs 6-8. Issued a decree of the United States District Court.

6

[21.] The plaintiff contends the attorney should have given up "Cowe's" case in Every instance of the opportunity given to him, should have known that he Could not competently represent a legal malpractice case in one Court of [L]aw to prosecute an attorney for their client and defend themselves along With their corporation from the same charge in another court with out being Found Guilty or convicted by a federal judge in 1:89-CV-1665-S.

[22.] Although the defendant kept putting the plaintiff off for whatever reason he Claims the attorney's action were unreasonable and self serving and was an Unfair and Deceptive act or practice Under Mass c. 93A § 1-9 concealed From the plaintiff in which a $66,000.00 dollar fined was imposed and to Be paid from J. Allen Holland's personal funds, could possibly explain the Loss of "Cowes" $60,000.00 as a result of his previous low settlement offer At that time, should have known the case could not be tried ethically within The Commonwealth of Massachusetts in the amount of $1,500,000.00.

Count V

[22.] The plaintiff's case finally went to jury trial October 4-8 1993 in which Mr. J. Allen Holland never showed for trial after as many delay's for him, is a Repetitive action that he employed as a courtroom tactic also in the found

7

In Grier V. McGrath leaving his Trial preparations at risk, to another left His client without representation, is from their own professional judgment With a defendant's verdict being entered on the Middlesex Superior Court Record Oct. 8, 1993 from (L,B,H,&S) inept performance left "Cowe" with Out any defense at trial in the amount of $1,500,000.00 dollars.

Count VI

[23.] On October 8, 1996 Plaintiff Neal A. Cowe filed in The Suffolk County Superior Court, a Complaint against (L,B,H,&S) filed on a Miscellaneous Business Docket (M.B.D.) for representation in the underlying trial case A legal malpractice action they failed to object to medical issue's being Entered at trial against "Cowe" intentionally throwing his case away.

[24.] On October 10, 1996 The Suffolk County Sheriffs Office gave Service Of the Plaintiff's Complaint in hand to partner Alan R. Hoffman at 101 22nd fl. Federal St, Boston, Massachusetts 02108, that Service was then Returned on October 17, 1996 to The Suffolk Superior Courts Clerks Office had advised these Defendants that; Answers were due within (20) Days of Service being October 30, 1996 or be Defaulted.

[25.] As of November 4, 1996 The Plaintiff had not received an answer to his Complaint, where under Massachusetts Statute Law the answers were due Back within (20) Days, filed a Notice of Default and Defaulted Judgment Along with Non-Military Affidavit in The Suffolk County Superior Court Clerk's Office Under Mass. R of Civ. P. 55 (a) & (b) as provided by Mass. Rules of Court failed to bring a hearing until December 18, 1996.

[26.] The firm (L,B,H,&S,) hired the firm of Sloane and Walsh, through their Junior partner John P. Ryan filed in their late answers, opposition to the Complaint for a dismissal Under Mass. Local Rule 10 in an Emergency Motion did not follow the Rules of Court where in a Legal Malpractice Action that is filed under M.B.D. rules each case is allowed only a single Request for Dismissal which was recorded on 12/18/96 by Lila Moreau An Official Massachusetts Court reporter.

[27.] The Suffolk Superior Court Clerks Office scheduled a hearing, based on That Emergency Motion was held in, The Middlesex County Courthouse Room 8A Due to construction of a new courthouse, was heard by J. S.C. D. M. Roseman, presiding over the Motion Trial and The Official Court Reporter Mrs. Lila Moreau Recording the Event at 10:00 A.M. Denied The motion, both parties requested transcript, directly after motion trial.

[28.]  During that 12/18/96 hearing the Plaintiff disclosed to The Court of Record The fact that Answers to his Complaint had not been received by November 4th 1996 which was the basis for the Default and Defaulted Judgment where The Suffolk Superior Court Clerks Mr. Dailey interfered with the plaintiff's Case by interrupting Judge Roseman's Decision by answering for The Court In the middle of a decent, exceeds his authority and is an abuse of his power Against the plaintiff's civil process in the Amount of $500,000.00 dollars.

Count VII

[29.]  At that time The Court, found that there was no cause to warrant an early Dismissal and Ordered a Discovery Period to continue until June 18, 1997 As of 6/17/97 the Defendants had requested more additional time, an after The Discovery Period ended which on a Legal Holiday in Suffolk County Massachusetts, the day after the expiration defendants asked the plaintiff For at least six more months to continue their in action as a viable defense.

[30.]  Where the Plaintiff denied the defendants request to assent for more time Because it was the root cause for the delays in the underlying law suit and Was subjected to defective irregularity in mailing by Sloane & Walsh Metered mail post-marked to justify any mailing date that accommodated

10

The need to suit their own case and for Non-participating in a Discovery Period, because the plaintiff was Pro Se' a (Non-Attorney) would not Understand the process of [L]aw, but do not adhere to the law that they Represent.

[31.] The Commonwealths Official Court Reporter knew or should have known That the transcript requested was critical to the Plaintiff's case Especially In the event of an Appeals process or for what ever the reason is bound by The Massachusetts Rules of Court to make available the Transcript at the Request of either party.

[32.] A simple request by the plaintiff became a long dragged out, affair where the Requested amount $150.00 was sent to Mrs. Moreau based on an estimate that Had said she reviewed the transcripts length and conveyed a $150.00 price tag Indicating to the plaintiff that the transcript was available and for sale.

[33.] Mrs. Moreau unknown to "Cowe" subjected him to write a monthly status Reports to the Appellate Court, claiming she was assigned to a criminal case For at least 4 months became an extra work load, is without a cause actually Helped defendants Counsel Sloane & Walsh to slow up a fast track case.

[34.] Mrs. Moreau is totally hypocritical to earn a living at selling transcripts held Up "Cowe" in this customary rule of law, turned into a fiasco in which she Called him regarding the return of his Postal Money Order (6) months later Telling him to met her at the Almont street Winthrope address at 6:00 P.M. Never showed up at the house, on a Friday night at rush hour is near Logan Airport, she was always full of her abusive excuses.

[35.] Mr. Cowe went to The Middlesex Superior Courthouse in Cambridge and he Confronted Mrs. Moreau where the Suffolk County Civil Court (H) session Was being held in room 8A told "Cowe" outside in the hallway, that Judge Roseman had ordered it withheld "because of its content" and that there is no Dec. 18, 1996 hearing transcript available.

[36.] Mrs. Moreau's story is unbelievable, because she could have simply stated so From the beginning, but more so "Cowe" went to the Administrative office's Of The Massachusetts Superior Court and spoke to a person who would have Control of the scheduled hearings and posses such knowledge that there is no Reason from The Superior Court's records that would prevent the sale of the Requested materials.

[37.]  To this date "Cowe" has been unable to recover the transcript where Mrs. Moreau caused his case to be sent back to the Suffolk Superior Court as Premature, manufactured the delay, making the plaintiff look bad in the Eye's of both Court's cannot support any reasonable explanation except To assist in a effort to Lie & Cheat the plaintiff out of his civil right's in Case filed in the amount of $100 million dollars with interest since Dec. 1996 was refused normal service Under M. G. L. 93A, in a service that Was given to any other citizen of the Commonwealth of Massachusetts Except to that of "Cowe" in the amount of $150,000,000.00 dollars.

Count VIII

[39.]  The plaintiff state that within Massachusetts law there has always been Some self-serving benefit they received from fraudulent action when it Came to my back case's everyone's made a good living off of his back Except "Cowe."

[40.]  The Suffolk Superior Court denied every motion sent to them by the Plaintiff Under Superior Court rule 9A abused a power of disclosure After 40 docket entries, could not simply state, in the decent that all That was wrong in "Cowe's" motions that violated 9A law provision Was that the motion should have been sent to the defendants 13 days

Days before filing in the Superior Court could have been corrected
Before the damage was done, didn't want "Cowe" to succeed in his
Case.

[41.] On or about September 14, 1997 The Suffolk Superior Court heard
Summary Judgment motion filed by the defendants counsel Sloane
& Walsh that because "Cowe" was without an expert witness to go
Trial in support of his current claim against (L,B,H,&S) the case was
Dismissed even though the defendants used up there single (M.B.D.
Under Local rule 10 December 18, 1996 would need to provide the
Timely Transcript to The Massachusetts Appeals Court in any event
Was lost opportunity.

[42.] The Suffolk Superior Court erred in a decision, the defendants were
Not entitled to Summary Judgment as a matter law, double insurance
On an automobile is illegal in every state in the union, along with
Unenforceable contracts involving minors, are Laws in Statute that
In other words we all agree to obey the issue in law, weather you like
It or lump its what makes us strong because majority rules America.

[43.] The words of the attorney's became hollow and have no real meaning to A Jury, because its the Judge, a jury follows in the law forum, Judge Gershengon eliminated Mrs. Cowe, as a witness turned the case against The plaintiff in its unfairness the witness's statements were requested By the defense in a Deposition regarding working odd hours now that Her husband was unable to work, screamed 9 times NO at her is extreme Verbal Abuse known from the Oct 4, 1993 transcript that caused most of All the damages regarding his wifes divorce is found to be in the amount Of $1,500.000.00 dollars

Count IX

[44.] Even though the plaintiff brought an expert witness to Trial in 1993 Those words of the attorney Roger Hugh's had no meaning to a jury After the defendants made known Roger Hughs was of questionable Character at Parker Colter, Daley & White Beacon St Boston, Mass. Played "Cowe" as a Joker trial, when it was Hugh's bad reputation That broke the bank, and now countered by defense expert Michael Mone who sank the ship couldn't straighten out any of this case.

15

[45.]   The plaintiff was struck by lightening twice, on November 29, 1999 was

His way to The Massachusetts Appeals Court in Pemberton Sq, Boston,

Massachusetts, when he was struck by a woman who lost control of her

Toyota S.U.V. light truck while proceeding Eastbound on Route 9, in

Wellesley, Norfolk County Massachusetts.


[46.]   In the more recent event Mr. Paul E. Mitchell of Mitchell & DeSimone

Had sent along defendants request for plaintiff's production for answers

Filed a late supplement requesting knowledge as to who collected any of

The $540.00 dollars a week from The Massachusetts Industrial Accident

Workman's Compensation Fund under M & Z Corp. of Saugus, Mass.

Requested this information in April of 2004 after they wrote (L,B,H,&S)

For back information materials.


[47.]   The plaintiff would like to know to whom weekly checks are being sent

Or were sent from the worker's compensation file under M & Z Corp.,

Because the plaintiff was certainly not any beneficiary to any money is

Demanding Paul E. Mitchell disclose how he became informed to such

Priverty of knowledge and excels far beyond that of mortal men refuses

To cooperate under any circumstance, protects his legal position hides

Behind the[L]aw as the protective shield.

16

[48.] The plaintiff demands the Commonwealth of Massachusetts to turn over All of it's said knowledge through the Industrial Accident Board records (L,B,H,&S) records that Mitchell & DeSimone are unfairly entitled and Unequally distributed and or divided out excluding "Cowe" violates his Constitutional Civil Rights guaranteed under United States Federal Law.

[49.] The plaintiff wants the deception revealed and the non-sense to cease and Desist regarding unequal and separate class of laws regarding the attorney's Conduct and privilege verses someone civil right's that were defeated from Poor judgment has became an excuse to cover their crooked tracks for their Own self-serving purpose for their personal gain, is being caught up too and Soon will be brought to face justice.

[50.] The plaintiff wants all of the monetary issues properly resolved because his Case involved deceptive insurance coverage where $500,000.00 dollars was Available on "The Rental Vehicle" under a commercial statute (L,B,H,&S) Offered a short balance of the existing policy far short of the true nature and Extent of the plaintiff's injuries, where a pile of lumber out weighted serious Personal injury and financial loss.

WHEREFORE, the plaintiff demands judgment against these defendants For damages and other such relief as this Court deems justifiable.

The plaintiff requests a trial by Jury.

*Neal A. Cowe*

NEAL A. COWE
1393 BRIAR RIDGE CT.
JONESBORO, GEORGIA 30238

**JS 44**
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Neal A. Cowe
1393 Briar Ridge Ct
Jonesboro, Georgia 30238

**DEFENDANTS**
Lynch, Brewer, Hoffman & Sands
101 Federal St 12-2nd fl.
Boston, Massachusetts 02108

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  CLAYTON
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  SUFFOLK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04 11520 RWZ

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Neal A. Cowe
1393 Briar Ridge Ct
Jonesboro GA

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending |  | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |  |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The defendants Corporation Covered up a Fraud Committed, Conviction & fine in Bostons Federal Court violated the Statute of limitation, Failed to Show for Trial, Delayed the proceedings (6) years by deception, received the plaintiffs Workers Compensation Checks since 1987

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  6/28/04   SIGNATURE OF ATTORNEY OF RECORD  Neal A. Cowe

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Cowe v Lynch**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.    195, 368, 400, **440**, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   ✓ III.    110, 120, 130, 140, 151, **190**, 210, 230, 240, 245, 290, 310,
   315, 320, 330, 340, 345, **350**, 355, 360, 362, 365, 370, 371,
   380, 385, 450, 891.

   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
   690, 810, 861-865, 870, 871, 875, 900.

   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES    **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)    YES    **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?    YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?    YES    **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).    **YES**    NO

   A. IF YES, IN WHICH DIVISION DO **ALL** OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **EASTERN DIVISION**    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Neal A. Cowe**
ADDRESS **1393 Briar Ridge Ct Jonesboro GA. 30238**
TELEPHONE NO. **770-603-6866**

(Cover sheet local.wpd - 11/27/00)