UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

OCT 22  P 4: 26

CIVIL ACTION NO.: 04-11520RWZ

U.S. DISTRICT COURT
DISTRICT OF MASS.

NEAL A. COWE,                              )
                    Plaintiff             )
                                          )
v.                                        )
                                          )
LYNCH, BREWER, HOFFMAN AND                )
SANDS, Allis LYNCH, BREWER,               )
HOFFMAN & FINK , COMMONWEALTH             )
OF MASSACHUSETTS ADMINISTRATIVE           )
CHIEF JUSTICE OF THE SUPERIOR COURT       )
SUSAN DELVECCHIO, COMMONWEALTH            )
of MASSACHUSETTS OFFICIAL COURT           )
REPORTER LILA MOREAU, SLOANE AND          )
WALSH AND MITCHELL & DESIMONE,            )
                    Defendants            )

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT, MITCHELL & DESIMONE TO DISMISS

### INTRODUCTION

In the complaint, the plaintiff purports to assert claims against the Commonwealth of Massachusetts, the Administrative Chief Justice of the Massachusetts Superior Court, an official court reporter of the Commonwealth of Massachusetts, and various law firms and attorneys. The allegations as to the defendant, Mitchell & DeSimone, are set forth in paragraphs 45-49 (See copy of Complaint attached as Exhibit "A"). In those paragraphs, the plaintiff appears to allege - however, it is not at all clear - that Mitchell & DeSimone unfairly obtained information concerning plaintiff's prior worker's compensation claim, while defending the third-party lawsuit arising out of Mr. Cowe's November 29, 1999 motor vehicle accident with Mitchell & DeSimone's client, Lee S. Thornton.

The plaintiff, Neal A. Cowe filed a complaint for personal injuries against defendant, Lee S. Thornton, at the Dedham District Court (C.A.No. 0354CV0173) secondary to a motor vehicle accident which occurred on November 29, 1999 in Wellesley, Massachusetts.  Mitchell & DeSimone represented the defendant, Lee S. Thornton, in that civil action.  Plaintiff proceeded pro se and trial was commenced on April 20, 2004 at Dedham District Court before the Hon. James Wexler.  Following the close of plaintiff's evidence, the Court allowed Defendant's Motion for Directed Verdict or Required Finding.  There were no post trial motions or appellate activity.

This memorandum will demonstrate that the complaint as to defendant, Mitchell & DeSimone should be dismissed because (1) the complaint is so confused, vague, or otherwise unintelligible with respect to any purported claims against Mitchell & DeSimone that it prevents a response as contemplated under Fed. R. Civ. 8, (2) the allegations which are clearly set forth with respect to Mitchell & DeSimone demonstrate that, in any event, Massachusetts immunity principles bar any potential claims against them, (3) alternatively the complaint fails to state a claim upon which relief can be granted, and (4) the complaint fails for insufficient service of process and/or insufficiency of process.

ARGUMENT

I.     THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE PLEADING REQUIREMENTS OF RULE 8 AS IT IS SO CONFUSED, AMBIGUOUS, VAGUE, OR OTHERWISE UNINTELLIGIBLE AS TO PREVENT A RESPONSE AS CONTEMPLATED UNDER THE RULE.

Notwithstanding the flexibility in pleading inherent in Fed. R. Civ. P. 8, a complaint must be dismissed where the allegations are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised", *Simmons v. Abruzzo,* 49 F. 3d 83, 86 (2d Cir. 1995), so as to prevent a response as contemplated under Rule 8. *Id.; Green v.*

2

*Massachusetts,* 108 F.R.D. 217, 218 (D. Mass. 1985); *Newman v. Massachusetts,* 115 F.R.D. 341, 344 (D. Mass. 1987). Here, assuming *arguendo* that any merit as to the plaintiff's claims against Mitchell & DeSimone existed, the substance of those claims is not at all evident on the complaint, and accordingly it should be dismissed. *Id.*

II.    THOSE ALLEGATIONS AS TO MITCHELL & DESIMONE WHICH ARE SET FORTH IN THE COMPLAINT DEMONSTRATE THAT, AS A MATTER OF LAW, THOSE DEFENDANTS ARE PROTECTED BY IMMUNITY UNDER MASSACHUSETTS LAW AS TO ANY PURPORTED CLAIMS.

Under Massachusetts law, a privilege is afforded to attorneys with respect to "the institution or conduct of litigation or in conferences and other communications preliminary to litigation." *Sriberg v. Raymond,* 370 Mass. 105, 109 (1976), discussed in *Loomis v. Tulip, Inc.,* 9 F. Supp. 2d 22, 24 (D. Mass. 1998). "The privilege is absolute." *Doe v. Nutter, McLennan & Fish,* 41 Mass. App. Ct. 137, 140 (1996). It provides a "complete defense" even where counsel engages in offensive statements which are "uttered maliciously or in bad faith", *id.,* citing *Correllas v. Viveiros,* 410 Mass. 314, 319 (1991), and "protects the maker from any civil liability based thereon." *Doe,* 41 Mass. App. Ct. at 140; *Correllas,* 410 Mass. at 324; *Robert L. Sullivan, D.D.S., P.C. v. Birmingham,* 11 Mass. App. Ct. 359, 367-368 (1981); see *Frazier v. Bailey,* 957 F. 2d 920, 932 (1st Cir. 1992). The public interest in the untrammeled flow of information with respect to judicial proceedings "would be severely undercut if the absolute privilege were to be regarded as less than a bar to all actions arising out of the 'conduct of parties and/or witnesses in connection with a judicial proceeding.'" *Sullivan,* 11 Mass. App. Ct. at 368, quoting *Devlin v. Grenier,* 147 N.J. Super. 446, 455 (1997); *id.,* also quoting *Rainier's Dairies v. Raritan Valley Farms, Inc.,* 19 N.J. 552, 564 (1995) ("If the policy . . . is really to mean anything then we must not permit its circumvention as affording an almost equally unrestricted action under a different label"). So long as any statements of counsel are "pertinent to the proceedings" the absolute

3

privilege applies, and "this requirement is to be broadly construed." *Blanchette v. Cataldo,* 734 F. 2d 869, 877 (1st Cir. 1984), quoting *Sullivan, supra.*

To the extent that the plaintiff has asserted any well-pleaded facts, any potential claims against Mitchell & DeSimone are barred by the absolute litigation privilege. While the complaint is ambiguous in numerous respects, it does clearly allege that Mitchell & DeSimone's involvement in the plaintiff's claims arises out of their prevailing in the defense of the personal injury lawsuit filed by plaintiff at Dedham District Court and which Mitchell & DeSimone defended. Accordingly, any purported claims in the complaint asserted against Mitchell & DeSimone are barred by the litigation immunity afforded under Massachusetts law.

III.    ALTERNATIVELY, THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST MITCHELL & DESIMONE.

Under Fed. R. Civ. P. 12 (b)(6), a claim is subject to dismissal "if the court determines, after viewing the well-pleaded facts in the light most favorable to the plaintiffs, that they can prove no set of facts that would entitle them to relief." *Loomis,* 9 F. Supp. 2d at 23, citing *Lessler v. Little,* 857 F. 2d 866, 867 (1st Cir. 1988), cert. denied 489 U.S. 1016, 109 S. Ct. 1130, 103 L.Ed. 2d 192 (1989). Here, the only discernible allegations against Mitchell & DeSimone are those pertaining to Mitchell & DeSimone's involvement as defense counsel in the Dedham District Court litigation. Even assuming that the reference to "ATTORNEY MALPRACTICE" set forth in the caption to the complaint refers to Mitchell & DeSimone, as a matter of law no such claim can lie against them under Massachusetts law as they were involved in an adversarial relationship with respect to the plaintiff, not that of attorney-client. See *Spinner v. Nutt,* 417 Mass. 549, 552 (1994), citing *Logotheti v. Gordon,* 414 Mass. 308, 312 (1993) ("'we shall not' impose conflicting duties on attorneys"); see also and compare *First Enterprises, Ltd. v. Cooper,* 425 Mass. 344, 347 (1997) (no liability of attorney with respect to G.L. c. 93A to client's

4

5.    The defendant also relies upon the enclosed memorandum in support of this motion.

WHEREFORE, defendant, Mitchell & DeSimone moves that all claims against them be dismissed with prejudice.


Respectfully submitted,


_____
Paul E. Mitchell, BBO# 550491
Mitchell & DeSimone
99 Summer Street
Boston, MA 02110
(617) 737-8300


## CERTIFICATE OF SERVICE

I, Paul E. Mitchell, certify that on the date shown below, I made service of the foregoing document, by causing a copy thereof to sent by U.S. mail, postage prepaid, Certified Mail, return receipt requested, and via Federal Express, Neal A. Cowe, 1393 Briar Ridge Court, Jonesboro, GA 30238 on this 22[th] Day of October, 2004.

_____
Paul E. Mitchell