FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS 2004 JUN 23  A 11: 23

DISTRICT OF BOSTON

U.S. DISTRICT COURT
DISTRICT OF MASS.

NEAL A. COWE

             PLAINTIFF

    vs.

LYNCH, BREWER, HOFFMAN AND SANDS
Allis LYNCH, BREWER, HOFFMAN & FINK
And
COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE CHIEF JUSTICE OF THE
SUPERIOR COURT SUSAN DELVECCHIO
And
COMMONWEALTH OF MASSACHUSETTS
OFFICIAL COURT REPORTER LILA MOREAU
SLOANE & WALSH
MITCHELL & DESIMONE
           DEFENDANTS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# 04  11520 RWZ

CIVIL ACTION
NO._____

ABUSE OF POWER

CORPORATE FRAUD

WORKERS
COMPENSATION FRUAD

ATTORNEY MALPRACTICE

## COMPLAINT

[1.]  The Plaintiff Neal A. Cowe is a resident of Jonesboro, Clayton County,

Georgia 30238 and is a citizen of The United States of America.

[2.]  The defendants Lynch, Brewer, Hoffman and Sands is a Corporation

Licensed by The Commonwealth of Massachusetts Supreme Judicial

Court to Practice Law in Massachusetts and are located at 101 Federal

St. 22nd fl. Boston, Massachusetts 02108.

[3.] Lynch, Brewer, Hoffman & Fink is the same corporation that employ's
Mr. J. Alan Holland and are now a Limited Liability Partnership (LLP.)

[4.] The Defendant Administrative Chief Justice of The Superior Court of
The Commonwealth of Massachusetts is Susan Delvecchio is located at
Administrative Office's 90 Devonshire St. Post Office Sq. Boston, Mass.
02109

[5.] The Defendant Commonwealth of Massachusetts Official Court Reporter
Is Mrs.Lila Moreau resides at 29 Almont St. Winthrope, Suffolk County
Massachusetts and is employed in The Suffolk County Superior Court.

[6.] Sloane & Walsh is a firm licensed to practice law in The Commonwealth
Is located at 3 Center Plaza Boston, Massachusetts 02108 and employ's
Mr. John P. Ryan and is a member of the Boston Bar Association.

[7.] Mitchell & DeSimone are a law firm located at 99 Summer St. Boston,
Massachusetts 02110 are members of the bar, Mr.Paul E. Mithcell is a
Senior partner of the corporation.

2

## JURISDICTION

[8.]  The United State District Courthouse is located at 1 Courthouse Way  Suffolk, County at The John Joseph Moakley Federal  Courthouse and  has Jurisdiction Over this matter pursuant to  28, U. S. C. § 1331, in Eastern District of United States.

## FACTS

### Count I

[9.]  On or about  January 30, 1987 the plaintiff  Neal A. Cowe entered into a Contingent Fee Agreement with the defendant Lynch, Brewer, Hoffman And Sands  to represent him in an underlying personal injury claim  and A  Legal Malpractice  action for representation he received from Pappas Lenzo a  Boston,  law firm at 114  Union Wharf  Boston, Massachusetts.

[10.]  On February 3, 1987 Lynch, Brewer, Hoffman & Sand (L,B,H,&S) filed In The Middlesex Superior Court a case known as M.I.C. 87-644  which Was eventually dismissed in a Non-Suit action on the part of (L,B,H,&S) By Judge McDaniel's let the plaintiff's case go by the wayside from their Own years of neglect in the amount of $ 1,500,000.00.

## Count II

[11.]   On December 21, 1987 the law firm of (L,B,H,&S)  filed another law suit
In The Middlesex Superior Courthouse at 40 Thorndike St. Cambridge Ma.
A case known as M.I.C. 87-7468 led the plaintiff to believe this was a legal
Case but any lay person can see it statute expired on February 5, 1987 three
After the initial accident injury in  the amount of  $500,000,000.00  dollars.

[12.]   On or about January 30, 1991 the plaintiff had just arrived home from a day
In which he had a carpal tunnel release performed by Nabil Basta M.D. did
Receive a call from his attorney J. Allen Holland  is  frankly disappointing
In moving, my case along  in the court  for the past  4  years,  was asked to
Return the case file, but refused, its return  and or  to move forward in  the
Case violated "Cowe's" civil right in the amount of $1,500,000,00 dollars.

## Count III

[13.]   The plaintiff has two root issues in which the first is that he was  struck from
Behind at a high rate of speed in a head-on rear-end collision on a Middlesex
County  495 N on Sunday night February 5, 1984 approximately 11:30 P.M.
In which "Cowe" was injured and would eventually become totally disabled.

[14.]  The Second cause of action arises from a worker compensation issue where "Cowe" was unable to resume his full time employment as a floor installer Was knocked out of the trade at 32 years of age.  In the late spring of 1987 The plaintiff was re-employed as a floor salesman for M & Z Corporation Of  Saugus, Ma. was hired at $350.00 a week plus 3% of his monthly sales.

[15.]  On  August 25, 1987 at 199 Broadway Saugus, Ma. Where Mr. Cowe was Employed was assisting a customer in a  discrepancy order  which was not "Cowe's" sale, nor his shipment of ceramic tiles, placed  a single case that Was left behind from his order on the conveyor belt and received a striking Pain in his back that collapsed him to the floor.

[16.]  An ambulance was called to the scene and "Cowe" was removed by Life-Line Ambulance Service to The Melrose-Wakefield Hospital where he was Treated and released home to bed rest.

[17.]  For several years afterwards the attorneys of (L,B,H,&S) continued my case On the basis that a doctors medical opinion could be certain that the injuries Were related by that medical certainty, but  failed to act on the issue after it

Was received from Dr. Gregory Brick Of Brigham & Womens Hospital in 1991 pursued an outlawed case, by statute in the amount of $1,500,000.00.

### Count IV

[18.]    During this interim period March 1992 (L,B,H,&S) called the plaintiff and Told "Cowe" that he would have to Bifurcate his medical case in damages And proceed on the liability issue, because Judge Gershengorn had ordered The case bifurcated was untrue and that this case has astounding similarities Another case being handled by (L,B,H,&S) Grier V. McGrath Lumber Co.

[19.]    In October 1992 the plaintiff's case was set for Trial but would be continued Until November 10, 1992 when 11/10/92 arrived "Cowe" received another Letter explaining that J. Allen Holland would be on vacation and that Alan Hoffman was unavailable as he was tied up on Grier V. McGrath F. 1;89-CV-1665 a lumber case post-phoned "Cowe's" trial again on Dec. 10, 1992.

[20.]    The corporation never told the plaintiff that his attorney J. Allen Holland Was cited by Skinner Walter J., D. J for contempt in a Legal Malpractice Action in which he was fined substantially for misleading the judge in a Contempt issue cited May 14, 1993 Sec. C Mr. Holland's liability Pgs 6-8. Issued a decree of the United States District Court.

6

[21.]    The plaintiff contends the attorney should have given up "Cowe's" case in
Every instance of the opportunity given to him ,should have known that he
Could not  competently  represent  a  legal malpractice  case in one Court of
[L]aw to prosecute an attorney for their  client and defend themselves along
With their corporation from the same charge in another court with out being
Found Guilty or convicted by a federal judge in 1:89-CV-1665-S.


[22.]    Although the defendant kept putting the plaintiff off for whatever reason he
Claims the attorney's action were unreasonable and self serving and was an
Unfair and Deceptive act or practice Under Mass c.  93A  § 1-9  concealed
From the  plaintiff  in which a  $66,000.00  dollar fined was imposed and to
Be paid from J. Allen Holland's personal funds,  could possibly explain the
Loss of "Cowes" $60,000.00 as a result of his previous low settlement offer
At that time, should have known the case could not be tried ethically within
The Commonwealth of Massachusetts in the amount of $1,500,000.00.


Count V


[22.]    The plaintiff's case finally went to jury trial October 4-8 1993 in which Mr.
J. Allen Holland never showed for trial after as many delay's for  him, is a
Repetitive action that he employed as a courtroom tactic also in the found


7

In Grier V. McGrath leaving his Trial preparations at risk, to another left His client without representation, is from their own professional judgment With a defendant's verdict being entered on the Middlesex Superior Court Record Oct. 8, 1993 from (L,B,H,&S) inept performance left "Cowe" with Out any defense at trial in the amount of $1,500,000.00 dollars.

## Count VI

[23.]    On October 8, 1996 Plaintiff Neal A. Cowe filed in The Suffolk County Superior Court, a Complaint against (L,B,H,&S) filed on a Miscellaneous Business Docket (M.B.D.) for representation in the underlying trial case A legal malpractice action they failed to object to medical issue's being Entered at trial against "Cowe" intentionally throwing his case away.

[24.]    On October 10, 1996 The Suffolk County Sheriffs Office gave Service Of the Plaintiff's Complaint in hand to partner Alan R. Hoffman at 101 22nd fl. Federal St, Boston, Massachusetts 02108, that Service was then Returned on October 17, 1996 to The Suffolk Superior Courts Clerks Office had advised these Defendants that; Answers were due within (20) Days of Service being October 30, 1996 or be Defaulted.

[25.]   As of November 4, 1996 The Plaintiff had not received an answer to his Complaint, where under Massachusetts Statute Law the answers were due Back within (20) Days, filed a Notice of Default and Defaulted Judgment Along with Non-Military Affidavit in The Suffolk County Superior Court Clerk's Office Under Mass. R of Civ. P. 55 (a) & (b) as provided by Mass. Rules of Court failed to bring a hearing until December 18, 1996.

[26.]   The firm (L,B,H,&S,) hired the firm of Sloane and Walsh, through their Junior partner John P. Ryan filed in their late answers, opposition to the Complaint for a dismissal Under Mass. Local Rule 10 in an Emergency Motion did not follow the Rules of Court where in a Legal Malpractice Action that is filed under M.B.D. rules each case is allowed only a single Request for Dismissal which was recorded on 12/18/96 by Lila Moreau An Official Massachusetts Court reporter.

[27.]   The Suffolk Superior Court Clerks Office scheduled a hearing, based on That Emergency Motion was held in, The Middlesex County Courthouse Room 8A Due to construction of a new courthouse, was heard by J. S.C. D. M. Roseman, presiding over the Motion Trial and The Official Court Reporter Mrs. Lila Moreau Recording the Event at 10:00 A.M. Denied The motion, both parties requested transcript, directly after motion trial.

[28.]    During that 12/18/96 hearing the Plaintiff disclosed to The Court of Record
The fact that Answers to his Complaint had not been received by November
4th 1996 which was the basis for the Default and Defaulted Judgment where
The Suffolk Superior Court Clerks Mr. Dailey interfered with the plaintiff's
Case by interrupting Judge Roseman's Decision by answering for The Court
In the middle of a decent, exceeds his authority and is an abuse of his power
Against the plaintiff's civil process in the Amount of $500,000.00 dollars.

Count VII

[29.]    At that time The Court, found that there was no cause to warrant an early
Dismissal and Ordered a Discovery Period to continue until June 18, 1997
As of 6/17/97 the Defendants had requested more additional time, an after
The Discovery Period ended which on a Legal Holiday in Suffolk County
Massachusetts, the day after the expiration defendants asked the plaintiff
For at least six more months to continue their in action as a viable defense.

[30.]    Where the Plaintiff denied the defendants request to assent for more time
Because it was the root cause for the delays in the underlying law suit and
Was subjected to defective irregularity in mailing by Sloane & Walsh
Metered mail post-marked to justify any mailing date that accommodated

10

The need to suit their own case and for Non-participating in a Discovery Period, because the plaintiff was Pro Se' a (Non-Attorney) would not Understand the process of [L]aw, but do not adhere to the law that they Represent.

[31.]  The Commonwealths Official Court Reporter knew or should have known That the transcript requested was critical to the Plaintiffs case Especially In the event of an Appeals process or for what ever the reason is bound by The Massachusetts Rules of Court to make available the Transcript at the Request of either party.

[32.]  A simple request by the plaintiff became a long dragged out, affair where the Requested amount $150.00 was sent to Mrs. Moreau based on an estimate that Had said she reviewed the transcripts length and conveyed a $150.00 price tag Indicating to the plaintiff that the transcript was available and for sale.

[33.]  Mrs. Moreau unknown to "Cowe" subjected him to write a monthly status Reports to the Appellate Court, claiming she was assigned to a criminal case For at least 4 months became an extra work load, is without a cause actually Helped defendants Counsel Sloane & Walsh to slow up a fast track case.

[34.] Mrs. Moreau is totally hypocritical to earn a living at selling transcripts held Up "Cowe" in this customary rule of law, turned into a fiasco in which she Called him regarding the return of his Postal Money Order (6) months later Telling him to met her at the Almont street Winthrope address at 6:00 P.M. Never showed up at the house, on a Friday night at rush hour is near Logan Airport, she was always full of her abusive excuses.

[35.] Mr. Cowe went to The Middlesex Superior Courthouse in Cambridge and he Confronted Mrs. Moreau where the Suffolk County Civil Court (H) session Was being held in room 8A told "Cowe" outside in the hallway, that Judge Roseman had ordered it withheld "because of its content" and that there is no Dec. 18, 1996 hearing transcript available.

[36.] Mrs. Moreau's story is unbelievable, because she could have simply stated so From the beginning, but more so "Cowe" went to the Administrative office's Of The Massachusetts Superior Court and spoke to a person who would have Control of the scheduled hearings and posses such knowledge that there is no Reason from The Superior Court's records that would prevent the sale of the Requested materials.

12

[37.]  To this date "Cowe" has been unable to recover the transcript where Mrs. Moreau caused his case to be sent back to the Suffolk Superior Court as Premature, manufactured the delay, making the plaintiff look bad in the Eye's of both Court's cannot support any reasonable explanation except To assist in a effort to Lie & Cheat the plaintiff out of his civil right's in Case filed in the amount of $100 million dollars with interest since Dec. 1996 was refused normal service Under M. G. L. 93A, in a service that Was given to any other citizen of the Commonwealth of Massachusetts Except to that of "Cowe" in the amount of $150,000,000.00 dollars.

## Count VIII

[39.]  The plaintiff state that within Massachusetts law there has always been Some self-serving benefit they received from fraudulent action when it Came to my back case's everyone's made a good living off of his back Except "Cowe."

[40.]  The Suffolk Superior Court denied every motion sent to them by the Plaintiff Under Superior Court rule 9A abused a power of disclosure After 40 docket entries, could not simply state, in the decent that all That was wrong in "Cowe's" motions that violated 9A law provision Was that the motion should have been sent to the defendants 13 days

Days before filing in the Superior Court could have been corrected
Before the damage was done, didn't want "Cowe" to succeed in his
Case.


[41.]   On or about September 14, 1997 The Suffolk Superior Court heard
Summary Judgment motion filed by the defendants counsel Sloane
& Walsh that because "Cowe" was without an expert witness to go
Trial in support of his current claim against (L,B,H,&S) the case was
Dismissed even though the defendants used up there single (M.B.D.
Under Local rule 10 December 18, 1996 would need to provide the
Timely Transcript to The Massachusetts Appeals Court in any event
Was lost opportunity.


[42.]   The Suffolk Superior Court erred in a decision, the defendants were
Not entitled to Summary Judgment as a matter law, double insurance
On an automobile is illegal in every state in the union, along with
Unenforceable contracts involving minors, are Laws in Statute that
In other words we all agree to obey the issue in law, weather you like
It or lump its what makes us strong because majority rules America.

[43.]    The words of the attorney's became hollow and have no real meaning to

A Jury,  because its the Judge,  a jury follows  in the law forum,  Judge

Gershengon eliminated Mrs. Cowe, as a witness turned the case against

The plaintiff in its  unfairness  the witness's  statements were requested

By the defense in a  Deposition  regarding  working odd hours now that

Her husband was unable to work, screamed 9 times NO at her is extreme

Verbal Abuse known from the Oct 4, 1993 transcript that caused most of

All the damages regarding his wifes divorce is found  to be in the amount

Of $1,500.000.00 dollars


Count IX


[44.]    Even though the plaintiff brought an expert witness to Trial in 1993

Those words of the attorney Roger Hugh's had no meaning to a jury

After the defendants made known Roger Hughs was of questionable

Character at Parker Colter, Daley & White Beacon St Boston, Mass.

Played  "Cowe" as a Joker trial, when it was Hugh's  bad reputation

That broke the bank, and now countered by defense  expert Michael

Mone who sank the ship couldn't straighten out any of this case.


15

[45.]  The plaintiff was struck by lightening twice, on November 29, 1999 was His way to The Massachusetts Appeals Court in Pemberton Sq, Boston, Massachusetts, when he was struck by a woman who lost control of her Toyota S.U.V. light truck while proceeding Eastbound on Route 9, in Wellesley, Norfolk County Massachusetts.

[46.]  In the more recent event Mr. Paul E. Mitchell of Mitchell & DeSimone Had sent along defendants request for plaintiff's production for answers Filed a late supplement requesting knowledge as to who collected any of The $540.00 dollars a week from The Massachusetts Industrial Accident Workman's Compensation Fund under M & Z Corp. of Saugus, Mass. Requested this information in April of 2004 after they wrote (L,B,H,&S) For back information materials.

[47.]  The plaintiff would like to know to whom weekly checks are being sent Or were sent from the worker's compensation file under M & Z Corp., Because the plaintiff was certainly not any beneficiary to any money is Demanding Paul E. Mitchell disclose how he became informed to such Priverty of knowledge and excels far beyond that of mortal men refuses To cooperate under any circumstance, protects his legal position hides Behind the[L]aw as the protective shield.

[48.]  The plaintiff demands the Commonwealth of Massachusetts to turn over All of it's said knowledge through the Industrial Accident Board records (L,B,H,&S) records that Mitchell & DeSimone are unfairly entitled and Unequally distributed and or divided out excluding "Cowe" violates his Constitutional Civil Rights guaranteed under United States Federal Law.

[49.]  The plaintiff wants the deception revealed and the non-sense to cease and Desist regarding unequal and separate class of laws regarding the attorney's Conduct and privilege verses someone civil right's that were defeated from Poor judgment has became an excuse to cover their crooked tracks for their Own self-serving purpose for their personal gain, is being caught up too and Soon will be brought to face justice.

[50.]  The plaintiff wants all of the monetary issues properly resolved because his Case involved deceptive insurance coverage where $500,000.00 dollars was Available on "The Rental Vehicle" under a commercial statute (L,B,H,&S) Offered a short balance of the existing policy far short of the true nature and Extent of the plaintiff's injuries, where a pile of lumber out weighted serious Personal injury and financial loss.

WHEREFORE, the plaintiff demands judgment against these defendants

For damages and other such relief as this Court deems justifiable.


The plaintiff requests a trial by Jury.

NEAL A. COWE
1393 BRIAR RIDGE CT.
JONESBORO, GEORGIA 30238