UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11520RWZ

NEAL A. COWE,                                )
                    Plaintiff                )
                                             )
                                             )
v.                                           )
                                             )
LYNCH, BREWER, HOFFMAN AND                   )
SANDS, Allis LYNCH, BREWER,                  )
HOFFMAN & FINK, COMMONWEALTH                 )
OF MASSACHUSETTS ADMINISTRATIVE              )
CHIEF JUSTICE OF THE SUPERIOR COURT          )
SUSAN DELVECCHIO, COMMONWEALTH               )
of MASSACHUSETTS OFFICIAL COURT              )
REPORTER LILA MOREAU, SLOANE AND             )
WALSH AND MITCHELL & DESIMONE,               )
                    Defendants               )

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS SLOANE AND WALSH AND JOHN P. RYAN TO DISMISS

### INTRODUCTION

In the complaint, the plaintiff purports to assert claims against the Commonwealth of Massachusetts, the Administrative Chief Justice of the Massachusetts Superior Court, an official court reporter of the Commonwealth of Massachusetts, and various law firms and attorneys. The allegations as to defendants Sloane and Walsh and John Ryan are set forth in paragraphs 26, 30, 33, and 41 (see copy of complaint attached as Exhibit A). In those paragraphs, the plaintiff alleges that Lynch, Brewer, Hoffman and Sands, a law firm which formerly represented him, hired Sloane and Walsh and Mr. Ryan for the purpose of defending Lynch, Brewer in a legal malpractice action presumably brought by the plaintiff, that Sloane and Walsh allegedly committee various procedural irregularities in the course of defending the malpractice action, that Sloane and Walsh "slow[ed] up [the] fast track case", and that Sloane and Walsh prevailed

in defending the malpractice action through the bringing of a summary judgment motion which was allowed in the Superior Court.

This memorandum will demonstrate that the complaint as to defendants Sloane and Walsh and Ryan should be dismissed because (1) the complaint is so confused, vague, or otherwise unintelligible with respect to any purported claims against Sloane and Walsh and Ryan that it prevents a response as contemplated under Fed. R. Civ. 8, (2) the allegations which are clearly set forth with respect to Sloane and Walsh and Ryan demonstrate that, in any event, Massachusetts immunity principles bar any potential claims against them, (3) alternatively the complaint fails to state a claim upon which relief can be granted, and (4) the complaint fails for insufficient service of process and/or insufficiency of process.

## ARGUMENT

I. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE PLEADING REQUIREMENTS OF RULE 8 AS IT IS SO CONFUSED, AMBIGUOUS, VAGUE, OR OTHERWISE UNINTELLIGIBLE AS TO PREVENT A RESPONSE AS CONTEMPLATED UNDER THE RULE.

Notwithstanding the flexibility in pleading inherent in Fed. R. Civ. P. 8, a complaint must be dismissed where the allegations are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised", *Simmons v. Abruzzo,* 49 F. 3d 83, 86 (2d Cir. 1995), so as to prevent a response as contemplated under Rule 8. *Id.; Green v. Massachusetts,* 108 F.R.D. 217, 218 (D. Mass. 1985); *Newman v. Massachusetts,* 115 F.R.D. 341, 344 (D. Mass. 1987). Here, assuming *arguendo* that any merit as to the plaintiff's claims against Sloane and Walsh and Ryan existed, the substance of those claims is not at all evident on the complaint, and accordingly it should be dismissed. *Id.*

II. THOSE ALLEGATIONS AS TO SLOANE AND WALSH AND RYAN WHICH ARE SET FORTH IN THE COMPLAINT DEMONSTRATE THAT, AS A MATTER OF

LAW, THOSE DEFENDANTS ARE PROTECTED BY IMMUNITY UNDER MASSACHUSETTS LAW AS TO ANY PURPORTED CLAIMS.

Under Massachusetts law, a privilege is afforded to attorneys with respect to "the institution or conduct of litigation or in conferences and other communications preliminary to litigation." *Sriberg v. Raymond*, 370 Mass. 105, 109 (1976), discussed in *Loomis v. Tulip, Inc.*, 9 F. Supp. 2d 22, 24 (D. Mass. 1998). "The privilege is absolute." *Doe v. Nutter, McLennan & Fish*, 41 Mass. App. Ct. 137, 140 (1996). It provides a "complete defense" even where counsel engages in offensive statements which are "uttered maliciously or in bad faith", *id.*, citing *Correllas v. Viveiros*, 410 Mass. 314, 319 (1991), and "protects the maker from any civil liability based thereon." *Doe*, 41 Mass. App. Ct. at 140; *Correllas*, 410 Mass. at 324; *Robert L. Sullivan, D.D.S., P.C. v. Birmingham*, 11 Mass. App. Ct. 359, 367-368 (1981); see *Frazier v. Bailey*, 957 F. 2d 920, 932 (1st Cir. 1992). The public interest in the untrammeled flow of information with respect to judicial proceedings "would be severely undercut if the absolute privilege were to be regarded as less than a bar to all actions arising out of the 'conduct of parties and/or witnesses in connection with a judicial proceeding.'" *Sullivan*, 11 Mass. App. Ct. at 368, quoting *Devlin v. Grenier*, 147 N.J. Super. 446, 455 (1997); *id.*, also quoting *Rainier's Dairies v. Raritan Valley Farms, Inc.*, 19 N.J. 552, 564 (1995) ("If the policy . . . is really to mean anything then we must not permit its circumvention as affording an almost equally unrestricted action under a different label"). So long as any statements of counsel are "pertinent to the proceedings" the absolute privilege applies, and "this requirement is to be broadly construed." *Blanchette v. Cataldo*, 734 F. 2d 869, 877 (1st Cir. 1984), quoting *Sullivan, supra.*

To the extent that the plaintiff has asserted any well-pleaded facts, any potential claims against Sloane and Walsh and Ryan are barred by the absolute litigation privilege. While the complaint is ambiguous in numerous respects, it does clearly allege that Sloane and Walsh's and

3

Ryan's involvement in the plaintiff's claims arises out of their prevailing in the defense of the legal malpractice claim asserted by the plaintiff against his former counsel. Accordingly, any purported claims in the complaint asserted against Sloane and Walsh and Ryan are barred by the litigation immunity afforded under Massachusetts law.

III.  ALTERNATIVELY, THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST SLOANE AND WALSH AND RYAN.

Under Fed. R. Civ. P. 12 (b)(6), a claim is subject to dismissal "if the court determines, after viewing the well-pleaded facts in the light most favorable to the plaintiffs, that they can prove no set of facts that would entitle them to relief." *Loomis,* 9 F. Supp. 2d at 23, citing *Lessler v. Little,* 857 F. 2d 866, 867 (1st Cir. 1988), cert. denied 489 U.S. 1016, 109 S. Ct. 1130, 103 L.Ed. 2d 192 (1989). Here, the only discernible allegations against Sloane and Walsh and Ryan are those pertaining to their involvement in the litigation of the underlying legal malpractice claim referred to above. Even assuming that the reference to "ATTORNEY MALPRACTICE" set forth in the caption to the complaint refers to Sloane and Walsh and/or Ryan, as a matter of law no such claim can lie against them under Massachusetts law as they were involved in an adversarial relationship with respect to the plaintiff, not that of attorney-client. See *Spinner v. Nutt,* 417 Mass. 549, 552 (1994), citing *Logotheti v. Gordon,* 414 Mass. 308, 312 (1993) ("'we shall not' impose conflicting duties on attorneys"); see also and compare *First Enterprises, Ltd. v. Cooper,* 425 Mass. 344, 347 (1997) (no liability of attorney with respect to G.L. c. 93A to client's adversary for claims arising out of litigation); see also *Arthur D. Little, Inc. v. East Cambridge Sav. Bank,* 35 Mass. App. Ct. 734, 743 (1994). Accordingly, in light of those allegations in the complaint which are set forth clearly as to Sloane and Walsh and Ryan, it is clear that the complaint sets forth no claim upon which relief can be granted against them.

4

## CONCLUSION

For the above reasons, defendants Sloane and Walsh and Ryan move that all claims brought against them be dismissed with prejudice.

By their attorneys,

*[signature]*

Myles W. McDonough, BBO #547211
SLOANE AND WALSH, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010

Dated: 10/19/04

## CERTIFICATE OF SERVICE

I, Myles W. McDonough, certify that on the date shown below, I made service of the foregoing document, by causing a copy thereof to be sent by U.S. mail, postage prepaid, Certified Mail, return receipt requested, and via Federal Express, to all parties of record.

Neal A. Cowe
1393 Briar Ridge Court
Jonesboro, GA 30238

Dated: 10/19/04

*[signature]*
Myles W. McDonough