UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEAL A. COWE,<br>                    Plaintiff,<br>v.<br><br>LYNCH, BREWER, HOFFMAN AND SANDS alias LYNCH, BREWER, HOFFMAN & FINK and COMMONWEALTH OF MASSACHUSETTS ADMINISTRATIVE CHIEF JUSTIC OF THE SUPERIOR COURT SUSAN DELVECCHIO and COMMONWEALTH OF MASSACHUSETTS OFFICE COURT REPORTER LILA MOREAU SLOANE & WALSH MITCHELL & DESIMONE,<br>                    Defendants. | NO. 04 11520-RWZ |

## DEFENDANTS' LYNCH, BREWER, HOFFMAN AND SANDS, LLP'S AND LYNCH, BREWER, HOFFMAN & FINK, LLP'S MOTION TO DISMISS

Lynch, Brewer, Hoffman & Sands, LLP and its successor, Lynch, Brewer, Hoffman & Fink, LLP (hereinafter together "Lynch, Brewer"), move to dismiss the Complaint since it fails to state a claim upon which relief can be granted against them. This is so because it is clear from the allegations of the Complaint that the claims asserted against Lynch, Brewer are time-barred and barred by res judicata.

### STATEMENT OF FACTS

The various "Counts" which Mr. Cowe sets forth in his multi-count Complaint often do not clearly denominate the particular cause of action relating to that Count. However, to the right of the parties on the first page of the Complaint, Mr. Cowe has typed "Abuse of Power, Corporate Fraud, Workers Compensation Fraud, Attorney Malpractice." Be that as it may, the operative allegations against Lynch, Brewer are set forth principally between Paragraphs 9 to 22 of the Complaint and appear to relate to legal malpractice, Chapter 93A, and, perhaps, corporate fraud. The Complaint alleges the following facts.

On or about January 30, 1987, Mr. Cowe entered into a contingent fee agreement [with Lynch, Brewer] to represent him "in an underlying personal injury claim and a legal malpractice action for representation he received from Pappas Lenzo (sic)." Complaint, ¶9.

On February 3, 1987, Lynch, Brewer filed a case (presumably the personal injury case) which was eventually dismissed (presumably) due to Lynch, Brewer's neglect. Complaint, ¶10.

On December 21, 1987, Lynch, Brewer filed another lawsuit (presumably the legal malpractice case). Complaint, ¶11.

According to Mr. Cowe, "the statute [of limitations had] expired on February 5, 1987 three [years] after the initial accident injury." Id.

On or about January 30, 1991, Attorney Holland of Lynch, Brewer was asked to return the file but refused to return it or to move forward in the case. Complaint, ¶12.

For several years while the case was pending, Lynch, Brewer continued the case until a medical opinion that the injuries were related [presumably to a 1984 accident] could be obtained but failed to act when such an opinion was received from Dr. Brick in 1991. Complaint, ¶17.

In March of 1992, Lynch, Brewer told Mr. Cowe that he would have to "bifurcate his medical case in damages and proceed on the liability issue, because Judge Gershengorn had ordered the case bifurcated." Complaint, ¶18. This was untrue. Id.

In October 1992, the Plaintiff's case was set for trial but was continued first until November 10, 1992 and then until December 10, 1992 because Attorney Holland was on vacation and Attorney Hoffman, another Lynch, Brewer lawyer was "tied up" on the Grier v. McGrath case. Complaint, ¶19.

"The corporation never told the Plaintiff that his attorney J. Allen Holland was cited by Skinner Walter J., D.J. for contempt in a legal malpractice action in which he was fined substantially for misleading the judge in a contempt issued cited May 14, 1993." Complaint, ¶20.

"The attorney should have given up Cowe's case" as he should have known that he could not competently represent a legal malpractice case in one court of law to prosecute an attorney for their client and defend themselves along with their corporation from the same charge in another court ... ." Complaint, ¶21.

The attorney's action was "unreasonable and self serving and was an unfair and deceptive practice under Mass. c. 93A, §§1-9 concealed from the plaintiff." Complaint, ¶22.

A $66,000 fine imposed on Holland "could possibly explain the loss of Cowe's $60,000 as a result of his previous low settlement offer." Id.

Plaintiff's case was tried before a jury on October 4-8, 1993. Complaint, ¶22[1]. Attorney Holland did not show up for trial. Id. A defendant's verdict was entered in Middlesex Superior Court on October 8, 1993 due to the fact that Lynch, Brewer's inept performance left Cowe without any defense at trial. Id.

On October 8, 1996, Cowe filed a legal malpractice action against Lynch, Brewer for their representation of him in the underlying trial. Complaint, ¶23.

## ARGUMENT

### I. The Claims Against Lynch Brewer Are Barred By The Statute Of Limitations.

I.   The Statute of Limitations for legal malpractice is three years, Mass. G. L. c. 260, §4. The Statute of Limitations for a violation of Mass. G. L. c. 93A is four years.

---

[1] There are two Paragraphs 22 in the Complaint.

Mass. G.L. c. 260, §5A. The Statute of Limitations for corporate fraud is three years. Mass. G. L. c. 260, §2A. The acts on which the Complaint against Lynch, Brewer is based occurred between 1987 and October 8, 1993, <u>eleven to seventeen years ago</u>. Therefore, the claims against Lynch, Brewer should be dismissed as being time-barred.

## II. The Claims Against Lynch, Brewer Are Barred By Res Judicata.

Mr. Cowe litigated, and lost, a legal malpractice case against Lynch, Brewer. Complaint, ¶¶23, 41. The claims made against Lynch, Brewer herein either were, or certainly could have been, litigated in the 1996 action. Therefore, the instant case should be dismissed as it pertains to Lynch, Brewer on grounds of res judicata. <u>Anderson v. Phoenix Investment Counsel of Boston, Inc.</u>, 387 Mass. 444, 449, 440 N.E.2d 1164, 1167 (1981).

## CONCLUSION

Mr. Cowe's case should be dismissed as to Lynch, Brewer for the reasons stated above.

LYNCH, BREWER, HOFFMAN AND SANDS, LLP and LYNCH, BREWER, HOFFMAN & FINK, LLP,

By its attorneys,

*/s/ Alan R. Hoffman*

Alan R. Hoffman, BBO #236860
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110-1800
(617) 951-0800

Dated: October 19, 2004

183487_1

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on October 19, 2004.

*/s/ Alan R. Hoffman*

Neal Cowe, Pro Se