UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NEAL A. COWE, )
      Plaintiff )
)
vs. )
)
LYNCH, BREWER, HOFFMAN AND SANDS )
Alias LYNCH, BREWER, HOFFMAN & )   Civil Action No. 04-11520-RWZ
FINK; COMMONWEALTH OF )
MASSACHUSETTS ADMINISTRATIVE )
CHIEF JUSTICE OF THE SUPERIOR COURT )
SUSAN DELVECCHIO; COMMONWEALTH )
OF MASSACHUSETTS OFFICIAL COURT )
REPORTER LILA MOREAU; SLOANE & )
WALSH, MITCHELL & DESIMONE, )
      Defendants )
)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT LILA MOREAU TO DISMISS, FED.R.CIV.P. 12(b)(1), (6)

Plaintiff Neal A. Cowe ("Cowe") has brought a fifty paragraph complaint against the above-named defendants, one of whom is Lila Moreau ("Moreau"), described in the complaint as a "Commonwealth of Massachusetts Official Court Reporter...employed in the Suffolk County Superior Court." (Complaint, paragraph 6).[1]

The complaint, which to a great extent is grammatically indecipherable, provides neither a basis to determine whether plaintiff has met the $75,000 amount-in-controversy

---

[1] The complaint will be cited by paragraph as: ("C. ¶   ).

requirement to invoke diversity jurisdiction, 28 U.S.C. § 1332(a), or sufficiently coherent and succinct allegations against Moreau to establish any legally cognizable claims.

### A.    Lack of Diversity Jurisdiction

A party invoking diversity jurisdiction must establish sufficient facts to warrant its exercise. *Gibbs v. Buck*, 307 U.S. 66, 69 (1939). *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992) (same). The longstanding test for determining whether a party has met the amount-in-controversy states that:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Plaintiff's "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001). If the opposing party questions the damages allegation, then "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involved less than the jurisdictional amount." Id.

> [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount,... the suit will be dismissed.

*St. Paul*, 303 U.S. at 289 (footnote omitted).

Although plaintiff mentions monetary amounts throughout his complaint ranging from $500 million (C. ¶ 11) to $500,000 (¶ 28) he never ties these amounts to: 1) any causes of actions against any defendant; or 2) any injuries he has suffered. The complaint is simply devoid of any understandable description of monetary damages suffered by Cowe.

Defendant Moreau is mentioned in paragraphs 31 through 37 of the complaint. And although plaintiff describes Moreau as "totally hypocritical" and "always full of her abusive excuses" (C. ¶ 34); and states that Moreau's "story is unbelievable," (C. ¶36) and that she "caused his case to be sent back to the Suffolk Superior Court...making the plaintiff look bad in the Eye's of both Court's (sic)" (C. ¶ 37), the $150 million stated in paragraph 37 is simply a figure on paper, without any context or relationship to any damages suffered by plaintiff, which are nowhere described. The plaintiff has utterly failed to allege recoverable damages of any kind, much less those that meet the jurisdictional requirements of 28 U.S.C. § 1332(a). For that reason, his complaint should be dismissed.

**B.     Failure to State A Claim Upon Which Relief Can Be Granted**

1.     The Supreme Court has defined the scope of dismissals for failure to state a claim:

> Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon*, supra, at 73, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

3

*Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Miranda v. Ponce Fed'l Bank*, 948 F.2d 41, 44 (1st Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. at 45-46.

> There are, however, limits on this generous formulation. For one thing, the complaint must be anchored in a bed of facts, not allowed to float freely on a sea of bombast. That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith; [d]espite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation. (citations omitted)

*Miranda*, 948 F.2d at 44. Applying this standard to the instant complaint it is clear that dismissal is appropriate. There are simply no factual allegations against defendant Moreau which support a cause of action. Apparently, plaintiff is upset at something that Moreau did but it is not clear from the complaint what this is. The paragraphs involving Moreau (Nos. 31 through 37) are simply devoid of any legally recognized claim.

2.  Although it is unclear exactly what causes of action plaintiff is asserting against Moreau, the only one of the four that are enumerated in the caption that might apply to her is "Abuse of Power." A generous reading of this pro se complaint would indicate that the plaintiff is attempting to allege some type of tort against Moreau, although he never achieves that goal. Assuming that plaintiff was able to characterize Moreau's actions as tortious, which she does not concede, plaintiff is faced with a barrier to his claim. The latest date mentioned in the complaint in regard to Moreau's conduct is December, 1996. Even if plaintiff is trying to allege that Moreau did something or failed to do something within several years of

4

December, 1996, this action would still be barred by the Massachusetts general tort statute of limitations which is three years.[2] *See* Wright & Miller, Federal Practice and Procedure: Civil § 1357, p. 721 ("inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim"); *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998) ("Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred."); *Young v. Lepone*, 305 F.3d 1, 8 (1st Cir. 2002) (same).

    3.    Plaintiff is faced with yet another bar to pursuit of a tort claim against Moreau. Plaintiff has described Moreau as a "Commonwealth of Massachusetts Official Court Reporter." (C. ¶5) In that capacity, she is a public employee and her employer, the Massachusetts Trial Court, is a public employer as those terms are defined in the Massachusetts Torts Claims Act, G.L. c. 258, § 1. As such, any claims brought as a result of Moreau's alleged tortious conduct must be brought against her employer, the Massachusetts Trial Court, and proper presentment of the claim must be made to the "executive officer of the public employer" within two years of the date upon which the cause of action arose, pursuant to G.L. c. 258, § 4. Plaintiff makes no allegation that he has made proper presentment of his tort claim in the manner, and within the time, required by statute. And while a complaint which properly should be brought under G.L. c. 258 cannot be dismissed for lack of subject matter jurisdiction solely because the plaintiff failed to comply with the presentment requirement of § 4 of that chapter, *Vasys v. Metropolitan District Commission*, 387 Mass. 51, 55 (1982), such complaint is subject to dismissal for failure to state a claim upon which relief can be granted if the issue is not raised until the time for presentment has elapsed. Id. at 56.

---

[2] G.L. c. 260, § 2A: Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.

5

*Wilson v. Town of Mendon*, 294 F.3d 1, 5, n. 11 (1st Cir. 2002) ("Presentment is a statutory condition precedent to the bringing of a lawsuit against a municipality under the Act.")

Because plaintiff has failed to allege proper presentment under the Massachusetts Tort Claims Act relative to claims against Moreau, he has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, defendant Moreau requests that the complaint be dismissed, and that she be awarded her attorney's fees and costs.

Dated: October 22, 2004

Respectfully submitted,

LILA MOREAU

By her attorney,

Bruce T. Macdonald
678 Massachusetts Avenue
Suite 901
Cambridge, MA 02139
(617) 354-1711
BBO #310400

## CERTIFICATE OF SERVICE

    I, Bruce T. Macdonald, attorney for defendant Lila Moreau herein, hereby certify that I served copies of: 1) Notice of Appearance; 2) Motion of Defendant Lila Moreau to Dismiss, Fed.R.Civ.P. 12(b)(1), (6); and 3) Memorandum of Law in Support of Motion of Defendant Lila Moreau to Dismiss, Fed.R.Civ.P. 12(b)(1), (6), upon the plaintiff by mailing same to: Neal A. Cowe, 1393 Briar Ridge Court, Jonesboro, GA 30238, on October 22, 2004.

Dated: October 22, 2004

_____
Bruce T. Macdonald