UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEAL A. COWE,<br><br>        Plaintiff<br><br>vs.<br><br>LYNCH, BREWER, HOFFMAN AND SANDS,<br>Allis LYNCH, BREWER, HOFFMAN & FINK,<br>COMMONWEALTH OF MASSACHUSETTS<br>ADMINISTRATIVE CHIEF JUSTICE OF THE<br>SUPERIOR COURT SUSAN DELVECCHIO,<br>COMMONWEALTH OF MASSACHUSETTS<br>OFFICIAL COURT REPORTER LILA MOREAU,<br>SLOANE & WALSH, MITCHELL & DESIMONE,<br><br>        Defendants | C.A. No. 04-11520-RWZ |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS COMMONWEALTH OF MASSACHUSETTS ADMINISTRATIVE CHIEF JUSTICE OF THE SUPERIOR COURT SUZANNE[1] DELVECCHIO**

Defendants Commonwealth of Massachusetts Administrative Chief Justice of the Superior Court Suzanne DelVecchio (hereinafter the "Commonwealth Defendants") hereby move to dismiss Plaintiff's Complaint as against them.[2]  As grounds for this motion, the Commonwealth Defendants state that Plaintiff's Complaint must be dismissed as against them because Plaintiff fails to articulate any claim that would entitle him to relief.  Additionally, Plaintiff's claims are barred by the applicable statute of limitations.  The most recent of the actions about which Plaintiff complains took place in

---

[1] While the Complaint refers to Chief Justice DelVecchio as "Susan," her name is actually Suzanne. Accordingly, this motion will refer to her as such.

[2] It is not clear from Plaintiff's Complaint whether the "Commonwealth of Massachusetts Administrative Chief Justice of the Superior Court Suzanne DelVecchio" is a reference to one defendant or two. Accordingly, this motion is on behalf of both the Commonwealth of Massachusetts and Chief Justice DelVecchio.

1

1999. Giving a broad reading to Plaintiff's allegations, the most conceivable cause of action he could be alleging is a vague civil rights violation. The applicable statute of limitations, therefore, required Plaintiff to have filed this Complaint by 2002, at the latest. Additionally, Plaintiff's claims against the Commonwealth Defendants must be dismissed because Chief Justice DelVecchio is entitled to judicial immunity. Further, Plaintiff's claims against the Commonwealth Defendants must be dismissed because they are barred by the <u>Rooker-Feldman</u> doctrine, which precludes federal courts from reviewing final decisions of state courts. Finally, the Eleventh Amendment to the United States Constitution bars Plaintiff's claims against the Commonwealth Defendants and requires the dismissal of those claims.

      WHEREFORE, the Commonwealth Defendants move that the claims against them be dismissed. A memorandum of law is submitted in support of this motion.

      Respectfully submitted,

COMMONWEALTH OF
MASSACHUSETTS ADMINISTRATIVE
CHIEF JUSTICE OF THE TRIAL COURT
SUZANNE DELVECCHIO,

By their attorneys,
THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Sarah M. Joss
Sarah M. Joss, BBO #651856
Assistant Attorney General
Trial Division
One Ashburton Place
Boston, MA 02108
(617) 727-2200 x 3308

Dated: November 15, 2004

**CERTIFICATE OF SERVICE**

      I, Sarah M. Joss, Assistant Attorney General, hereby certify that I have this day, November 15, 2004, served the foregoing document upon the parties, by mailing a copy, first class, postage prepaid to:

1. Neal A. Cowe
   1393 Briar Ridge Ct.
   Jonesboro, GA  30238

2. Alan R. Hoffman, Esq.
   Lynch, Brewer, Hoffman & Fink, LLP
   101 Federal Street, 22nd Floor
   Boston, MA  02110

3. Bruce T. Macdonald, Esq.
   678 Massachusetts Avenue
   Suite 901
   Boston, MA  02139

4. Myles W. McDonough, Esq.
   Sloan & Walsh
   8th Floor
   Three Center Plaza
   Boston, MA  02108

5. Paul E. Mitchell, Esq.
   Mitchell & DeSimone
   99 Summer Street
   Boston, MA  02110

    /s/ Sarah M. Joss_____
    Sarah M. Joss
    Assistant Attorney General