UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEAL A. COWE,  )<br>  )<br>      Plaintiff  )<br>  )<br>vs.  )<br>  )<br>LYNCH, BREWER, HOFFMAN AND SANDS,  )<br>Allis LYNCH, BREWER, HOFFMAN & FINK,  )<br>COMMONWEALTH OF MASSACHUSETTS  )<br>ADMINISTRATIVE CHIEF JUSTICE OF THE  )<br>SUPERIOR COURT SUSAN DELVECCHIO,  )<br>COMMONWEALTH OF MASSACHUSETTS  )<br>OFFICIAL COURT REPORTER LILA MOREAU, )<br>SLOANE & WALSH, MITCHELL & DESIMONE,)<br>  )<br>      Defendants  )<br>  ) | C.A. No. 04-11520-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS
COMMONWEALTH OF MASSACHUSETTS ADMINISTRATIVE CHIEF
<u>JUSTICE OF THE SUPERIOR COURT SUZANNE[1] DELVECCHIO</u>**

Defendants Commonwealth of Massachusetts Administrative Chief Justice of the Superior Court Suzanne DelVecchio (hereinafter the "Commonwealth Defendants") hereby move to dismiss Plaintiff's Complaint as against them.[2] As grounds for this motion, the Commonwealth Defendants state that Plaintiff's Complaint must be dismissed as against them because Plaintiff fails to articulate any claim that would entitle him to relief, because Plaintiff's claims are barred by the applicable statute of limitations, because Chief Justice DelVecchio is entitled to judicial immunity, because Plaintiff's

---

[1] While the Complaint refers to Chief Justice DelVecchio as "Susan," her name is actually Suzanne. Accordingly, this memorandum of law will refer to her as such.

[2] It is not clear from Plaintiff's Complaint whether the "Commonwealth of Massachusetts Administrative Chief Justice for the Superior Court Suzanne DelVecchio" is a reference to one defendant or two. Accordingly, this memorandum of law is on behalf of both the Commonwealth of Massachusetts and Chief Justice DelVecchio.

1

claims are barred by the Rooker-Feldman doctrine and because Plaintiff's claims against the Commonwealth of Massachusetts are barred by the Eleventh Amendment to the United States Constitution.

## BACKGROUND

Plaintiff appears to allege a vague conspiracy involving judges sitting at the Suffolk Superior Court. Complaint at ¶¶ 25, 40, 42 and 43. Plaintiff's only reference to Chief Justice DelVecchio comes in paragraph 4 of the Complaint where he lists her address. Id. at ¶ 4. Plaintiff alleges that the Suffolk Superior Court scheduled a motion for a hearing date six weeks after the date the motion was filed. Id. at ¶ 25. Plaintiff further alleges that his motions were denied by the Suffolk Superior Court because he had failed to comply with Massachusetts Superior Court Rule 9A.[3] Complaint at ¶ 40. Additionally, Plaintiff alleges that the Suffolk Superior Court erred in granting summary judgment to the defendants in his underlying suit. Id. at ¶ 42. Plaintiff also alleges that the decision, by Judge Gershengorn, not to allow Plaintiff's ex-wife to testify resulted in the case being "turned … against" him. Id. at ¶ 43. Plaintiff does not make clear precisely what rights he believes these actions impinged upon or violated.

## ARGUMENT

I. Standard of Review

In assessing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a decision to dismiss should only be made where it appears beyond doubt that

---

[3] Massachusetts Superior Court Rule 9A requires a moving party to serve his or her motion on the opposing party. If within three (3) days of the date any response to the motion was due, the moving party has not received a response he or she may then file the motion with the Court. In such a circumstance, the moving party must file an affidavit stating that no opposition to the motion was received within the allotted time. In his allegations, Plaintiff admits that he did not comply with Massachusetts Superior Court Rule 9A. Rather, Plaintiff alleges that he filed the motions with the Court, instead of serving them on the opposing party.

the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).  Here it is clear that Plaintiff has failed to articulate any cause of action that would entitle him to relief.  Additionally, Plaintiff's claims are barred by the applicable statute of limitations and by the doctrine of judicial immunity.

Additionally, because Federal Courts are courts of limited jurisdiction, if a particular court lacks subject matter jurisdiction over a case, it must dismiss the case under Fed.R.Civ.P. 12(b)(1).  Fed.R.Civ.P. 12(b)(1); Fieldwork Boston, Inc. v. United States, 2004 WL 2314971, *3 (D.Mass. 2004).  Once, as here, that jurisdiction is challenged, the Plaintiff "bears the burden of proving jurisdiction."  Id., citing Thomson v. Gaskill, 315 U.S. 442, 446 (1942).  Here, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(1) because Plaintiff's claims are barred by the Rooker-Feldman doctrine, which precludes this Court from reviewing final decisions of the state courts of Massachusetts.

Finally, Fed.R.Civ.P. 12(b)(2) requires dismissal of any claims against the a defendant over whom this Court has no personal jurisdiction.  Fed.R.Civ.P. 12(b)(2).  The Eleventh Amendment to the United States Constitution prohibits plaintiffs from pursuing claims against any of the States in the Federal Courts of the United States, unless the State has consented to be sued.  Alabama v. Pugh, 438 U.S. 781, 782 (1987) (*per curiam*).  Indeed, under the Eleventh Amendment to the United States Constitution, States and state officials named in their official capacities are not considered "'persons' subject to a federal suit for money damages under the civil rights act." Will v. Michigan Department of State Police, 491 U.S. 58, 70 (1989).  See also Jones v. City of Boston,

3

2004 WL 1534206, *2 (D.Mass. 2004).  As discussed below, a charitable reading of the Complaint might construe Plaintiff as stating a civil rights violation against the Commonwealth Defendants.  Accordingly, such a claim must be dismissed under the Eleventh Amendment to the United States Constitution and Rule 12(b)(2) of the Federal Rules of Civil Procedure.

> II.   The Complaint must be dismissed because Plaintiff has failed to state a cause of action.

As noted above, Plaintiff makes a series of allegations concerning actions taken by judges of the Suffolk Superior Court.  Complaint at ¶¶ 25, 40, 42 and 43.  The Complaint, however, does not contain any allegations amounting to a cause of action.  In order to make out a cause of action, Plaintiff must allege that some wrong was committed against him that may be redressed legally.   Plaintiff has failed to make any such allegations.  He does not articulate any specific wrongs.  The allegations he does make concern actions that are legally permitted and/or sanctioned.  Nor does Plaintiff state how the actions of which he complains are to be legally redressed.  The Commonwealth Defendants' motion should be granted because Plaintiff has not stated any set of facts that would entitle him to relief.  Fed.R.Civ.P. 12(b)(6); Gooley, 851 F.2d at 514.

> III.   The Complaint must be dismissed because Plaintiff's claims are barred by the statute of limitations.

Assuming, for the purposes of this section only, that the Complaint does state a cause of action, it must still be dismissed because Plaintiff's claims are barred by the statute of limitations.  The most conceivable cause of action based on the allegations contained in the Complaint is one for a violation of 42 U.S.C. § 1983, claiming a violation of Plaintiff's civil rights.  See, e.g., Complaint at ¶ 37 (referring to "a[n] effort to [l]ie [and] [c]heat the plaintiff out of his civil right's" [sic]).  Even taking the

Plaintiff's allegations to be true and to state a cause of action, Plaintiff's claims are barred.

The statute of limitations applicable to a claim under 42 U.S.C. § 1983 is three years. See, Jones v. City of Boston, 2004 WL 1534206, * 2 (D.Mass. 2004), citing McIntosh v. Antonio, 71 F.3d 29, 33 (1st Cir. 1995). The statute of limitations starts to run at the point of the violation, unless the defendant concealed the violation from the plaintiff. Rivera-Gomez v. Castro, 843 F.2d 631, 632-33 (1st Cir. 1988). Plaintiff makes no such claims of concealment. Rather, Plaintiff alleges violations that took place in November 1996, May 1997 and May 1999, January 1998 and October 1993. Complaint at ¶¶ 25, 40, 42 and 43, respectively.

All of the actions about which Plaintiff complains took place more than three years before Plaintiff filed the Complaint. In order for Plaintiff's claims not to be barred, he was required to file the Complaint by October 1996, if he wanted to include the earliest allegations. If he wanted to include the later allegations, he would have had to file by May 2002 at the latest. Instead, Plaintiff filed the Complaint on June 23, 2004. The appropriate remedy where a complaint is barred by the statute of limitations is dismissal. Young v. Lepone, 305 F.3d 1, 8 (1st Cir. 2002). Accordingly, given that Plaintiff's allegations are barred by the statute of limitations, the Complaint should be dismissed.

    IV.    <u>The Complaint should be dismissed because Plaintiff's claims are barred by judicial immunity.</u>

As noted above, Plaintiff's allegations are based on a number of actions taken by judges of the Suffolk Superior Court in the context of Plaintiff's underlying suit. Complaint at ¶¶ 25, 40, 42 and 43. The federal courts have repeatedly held that judges

are immune from suit for exercises of their judicial discretion.  Cok v. Cosentino, 876 F.2d 1, 3  (1st Cir. 1989).  By this, the courts have meant that individual judges shall be afforded judicial immunity from suits arising out of the performance of their duties.  Id. at 2.  It is indisputable that the Superior Court judges of whose actions Plaintiff complains were performing their judicial duties and, thus, are immune from this suit.[4]

Judicial immunity shields judges "from suit for judicial acts performed in their judicial capacities."  Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 288 (1991).  The United States Supreme Court held in Bradley v. Fisher that judges are completely immune from liability for their judicial acts falling within their jurisdiction even when their conduct is erroneous, malicious, corrupt, or intended to injure.  80 U.S. 335, 344-357 (1871).  Accordingly, assuming that the acts of the Commonwealth Defendants alleged in the Complaint were judicial acts within the jurisdiction of each of those defendants, the Commonwealth Defendants are immune from suit.

As noted above, Plaintiff fails to mention Chief Justice DelVecchio in any part of the Complaint other than paragraph four.  Given the paucity of allegations concerning Chief Justice DelVecchio specifically, the Commonwealth Defendants must assume that Plaintiff bases his claim against them on Chief Justice DelVecchio's role as the Chief Justice of the Superior Court Department.  Viewed in that light and broadly construed, Plaintiff's allegations appear to be that Chief Justice DelVecchio failed adequately to

---

[4] Plaintiff appears to base his claim for liability against the Commonwealth Defendants on Chief Justice DelVecchio's role as the Administrative Justice for the Superior Court.  This theory of liability is never made explicit in the Complaint, so the Commonwealth Defendants can only extrapolate from the allegations set forth in the Complaint.  As noted above, Chief Justice DelVecchio is mentioned only once in the Complaint.  Complaint at ¶ 4.  Plaintiff does not allege that Chief Justice DelVecchio committed or orchestrated any of the actions about which he complains.  Id. ag ¶¶ 25, 40, 42 and 43.

oversee the other judges against whom Plaintiff has complaint. Complaint at ¶¶ 25, 40, 42 and 43.

The Commonwealth Defendants are immune because all of the actions that allegedly gave rise to Plaintiff's claims against them fell within Chief Justice DelVecchio's jurisdiction as a judge, specifically the Chief Justice of the Superior Court Department. It is well settled law that "[j]udges of courts of superior or general authority are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts were alleged to have been performed…." Barr v. Matteo, 360 U.S. 564, 569 (1959).

Judges may not be deprived of immunity simply because their actions were in error, were done maliciously, or were in excess of their authority. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Their errors remain subject to correction on appeal, in the instances alleged in the Complaint, to the Supreme Judicial Court. G.L. c. 211A, §§5 and 10. Judges must never worry that unsatisfied litigants may hound them with litigation. Peirson v. Ray, 386 U.S. 541, 554 (1967). To allow actions such as this one "would not contribute to principled and fearless decision-making but intimidation." Id.

Plaintiff does not allege that any of the actions about which he complains were taken without jurisdiction to do so. The specific actions alleged are scheduling a motion hearing for six weeks after the date the motion was filed, denying multiple of Plaintiff's motions for failure to comply with Massachusetts Superior Court Rule 9A, granting summary judgment against Plaintiff and not allowing Plaintiff's ex-wife to testify. Complaint at ¶¶ 25, 40, 42 and 43. These actions are clearly within the jurisdiction of each of the judges who took them. While Plaintiff may not agree with the decisions

7

reached or orders issued, such disagreement is not sufficient to strip the Commonwealth Defendants of jurisdiction and thus of immunity.

The Commonwealth Defendants are entitled to judicial immunity. None of the actions alleged by Plaintiff were committed without jurisdiction. Moreover, Plaintiff does not attribute to Chief Justice DelVecchio any actions that would strip her of judicial immunity.

      V.      <u>The Complaint should be dismissed because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.</u>

"Lower federal courts have no jurisdiction to hear appeals from state court decisions, *even* if the state judgment is challenged as unconstitutional." <u>Wang v. New Hampshire Bd. of Registration in Medicine</u>, 55 F.3d 698, 703 (1st Cir. 1995), <u>quoting</u>, <u>Schneider v. Colegio de P.R.</u>, 917 F.2d 620, 628 (1st Cir. 1990); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923); <u>Dist of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 ("[a] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

Stripped to its essentials, the Complaint seeks review of certain alleged State District Court and Appeals Court proceedings. These are fully reviewable within the Massachusetts state courts. They are unreviewable in this Court. <u>Wang</u>, 55 F.3d at 703. All claims against the Commonwealth Defendants should be dismissed for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6).

Plaintiff's claims against the Commonwealth Defendants stem from litigation in the Massachusetts state courts. Plaintiff is evidently dissatisfied with the outcome of the state court litigation and seeks now to redress perceived wrongs before this Court. Plaintiff is, however, barred from seeking redress in this Court by the <u>Rooker-Feldman</u>

8

doctrine. Plaintiff's Complaint recognizes that the allegations concerning the Commonwealth Defendants concern litigations conducted in the courts of the Commonwealth. Complaint at ¶¶ 25, 40, 42 and 43, all complaining about the conduct and outcome of litigation before the courts of the Commonwealth. Accordingly, all of Plaintiff's claims against the Commonwealth Defendants are barred by the Rooker-Feldman doctrine and should be dismissed.

    VI.    <u>The Complaint must be dismissed because Plaintiff's claims against the Commonwealth Defendants are barred by the Eleventh Amendment to the United States Constitution.</u>

The Eleventh Amendment to the United States Constitution provides that States are not subject to suit in the Federal Courts of the United States. Instead, the States are entitled to sovereign immunity. The Federal Courts have long held that they lack jurisdiction to entertain suits against individual States, unless the State has waived its immunity. See, e.g., Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996), quoting Hans v. Louisiana, 134 U.S. 1, 15 (1890) (noting that "[f]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting states 'was not contemplated when establishing the judicial power of the United States'"). See also Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) ("[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it,… a State cannot be sued directly in its own name regardless of the relief sought"). That immunity has been extended to state officials when they are sued in their official capacities. Will, 491 U.S. at 70.

Here Plaintiff has brought suit against the Commonwealth of Massachusetts and against Chief Justice DelVecchio in her official capacity. Plaintiff has not alleged, nor could he successfully allege, that the Commonwealth Defendants have waived their

9

immunity for the type of claims Plaintiff brings here.  Plaintiff's Complaint must, therefore, be dismissed under the Eleventh Amendment to the United States Constitutions.  Additionally, assuming for the purposes of this section, that the Complaint states a claim under 42 U.S.C. § 1983 for a violation of Plaintiff's civil rights, such claim may not be pursued against the Commonwealth Defendants.  Section 1983 claims lie only against "persons."  42 U.S.C. § 1983.  For the purposes of § 1983, the Supreme Court has held that States and state officials named in their official capacity are not persons.  <u>Will</u>, 491 U.S. at 71.  Accordingly, Plaintiff's claims must be dismissed against the Commonwealth Defendants.

CONCLUSION

The Complaint must be dismissed as against the Commonwealth Defendants because Plaintiff has failed to state any cause of action upon which relief can be granted. Additionally, even assuming Plaintiff had stated a cause of action, his claims are barred by the statute of limitations, judicial immunity, the Rooker-Feldman doctrine and the Eleventh Amendment to the United States Constitution.

        Respectfully submitted,

        COMMONWEALTH OF
        MASSACHUSETTS ADMINISTRATIVE
        CHIEF JUSTICE OF THE TRIAL COURT
        SUZANNE DELVECCHIO,

        By their attorneys,
        THOMAS F. REILLY
        ATTORNEY GENERAL

        /s/ Sarah M. Joss
        Sarah M. Joss, BBO #651856
        Assistant Attorney General
        Trial Division
        One Ashburton Place
        Boston, MA  02108
        (617) 727-2200 x 3308

Dated: November 15, 2004

## **CERTIFICATE OF SERVICE**

      I, Sarah M. Joss, Assistant Attorney General, hereby certify that I have this day, November 15, 2004, served the foregoing document upon the parties, by mailing a copy, first class, postage prepaid to:

1. Neal A. Cowe
   1393 Briar Ridge Ct.
   Jonesboro, GA  30238

2. Alan R. Hoffman, Esq.
   Lynch, Brewer, Hoffman & Fink, LLP
   101 Federal Street, 22nd Floor
   Boston, MA  02110

3. Bruce T. Macdonald, Esq.
   678 Massachusetts Avenue
   Suite 901
   Boston, MA  02139

4. Myles W. McDonough, Esq.
   Sloan & Walsh
   8th Floor
   Three Center Plaza
   Boston, MA  02108

5. Paul E. Mitchell, Esq.
   Mitchell & DeSimone
   99 Summer Street
   Boston, MA  02110

                /s/ Sarah M. Joss_____
                Sarah M. Joss
                Assistant Attorney General