UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION BOSTON

| | |
|---|---|
| NEAL A. COWE<br><div align=center>PLAINTIFF</div><br>   V.<br><br>LYNCH, BREWER, HOFFMAN AND SANDS<br>Allis LYNCH, BREWER, HOFFMAN AND FINK<br>And<br>COMMONWEALTH OF MASSACHUSETTS<br>ADMINISTRATIVE CHIEF JUSTICE OF THE<br>SUPERIOR COURT SUSAN DELVECCHIO<br>And<br>COMMONWEALTH OF MASSACHUSETTS<br>OFFICIAL COURT REPORTER LILA MOREAU<br>SLOANE & WALSH<br>MITCHELL & DESIMONE<br><div align=center>DEFENDANTS</div> | DOCKET NUMBER<br>04-CV-11520 RWZ |

## PLAINTIFF'S OPPOSITION MOTION FOR DISMISSAL

Now comes the Plaintiff, Neal A. Cowe in a case in diversity, with objection

As to the, jurisdiction under Fed. R. Civ. 8, (a) in the above-entitled matter,

Move this honorable court to deny the defendants motion on a dismissal for the

Following reasons.

BACKGROUND

[1.] On or about February 4, 1984 the plaintiff was involved in a High Speed-

Rear-end collision on Interstate Route 495N ¶ 3, Boxboro, Middlesex County

Massachusetts in which Mr. Cowe was struck from behind, without any

Warning, at Approximately 11: 30 P.M. Middle Lane North of Rte 110.

[2.]    Thomas M. Murphy Jr., Age 17, operated the vehicle, that struck, "Cowe"
A minor at the time of the accident driving a rented vehicle ¶ 50,  insured  here in
Massachusetts was a commercial registered, insured by Traveler's, which the
Minimum liability coverage allowed under Comm. Of Mass. Regulations would
Be $500,000.00 each person to $1,000,000.00 each accident, to be in compliance
With, a contract's conditions, of full and absolute coverage in State Regulations
Required, but bear in mind the contract is invalid with a minor, fraud must have
Been used to secure the vehicle by, Major Credit Card and that it was used in
Transporting, minor children over a State Boundary is illegal, Also presence of
Drug's & Alcohol for any purpose invalid's, any binding agreement's the parties
Thought they made under Massachusetts General Laws, "Cowe" signed a contract
To Purse the Attorney's for failing to file suit, when specifically instructed, to do
So, end up as lifetime of expense's that burdened everyone except, the defendants.

## CONTINGENT FEE AGREEMENT

[3.]    On January 30, 1987 Neal Cowe entered into a contract with defendant Lynch,
Brewer, Hoffman and Sands to represent him in a Legal Mal-Practice ¶ 9 action in
A case for attorney negligence and the underlying tortfeasor for Personal injury
Regarding the Middlesex County, accident of Feb. 4, 1984 after my previous
Attorney failed to file a case, after being instructed to do so recommended to his
Client a "Low Settlement," failed to investigate, double insurance coverage, and
For legal malpractice against the firm of Pappas & Lenzo, Exhibit A.

2

[4.]    On February 3, 1987 Lynch, Brewer, Hoffman & Sands Herein after (L,B,H,&S) Filed Middlesex Superior Court M.I.C. 87-644 ¶ 10, which was dismissed from Non-Suit Default, Exhibit B, By McDaniels J, March 14, 1988 was ordered to Perfect the service, If needed, or move for assessment of damages within 30 days Otherwise Action Dismissed, by The Court; that because of there negligence own (L,B,H,&S) cause the plaintiff's case M87-644 to be dismissed after knowing they Filed it on the Statute deadline February 3, 1987 ¶ 10, caused even more of a delay, A series failures played on his family through out the years, where the plaintiff was Often confined to bed, until Dr. C. Radbill figured it out, as recently as 2001 he got Up out of bed, more often than not, is why his case was taking so long, and is why Other issues of M&Z Workers Comp and now Dec. 21, 87 has been now recently Discovered in M.I.C. 87-7468.

[5.]    The Plaintiff Attorney's specifically Allen Holland & Alan R. Hoffman are totally Responsible and Culpable persons who each signed a Contingent Fee Agreement, ¶ 9, a binding Contract, knew all about "Cowe's " Lost Opportunity in the previous Case, that the result would have been different had the case, gone to trial if not, due To the Attorney's Negligence in not filing the case, when told to do so, the attorney Hoffman's, knew about this underlying malpractice and suggested that;   "A Trial Within a trial method, used to establish a value on the lost opportunity to settle the Case for a reasonable amount, is shown by a difference, between the lowest amount Cowe's case probably would have settled for, on advice of competent counsel and The actual amount of the settlement "........ Alan R. Hoffman,        Exhibit C.

3

[6]    Either way, they are responsible for a mistake recently found regarding a re-filing

That violated the Statute of Limitations December 21, 1987, when an attorney owes

A client a duty to exercise a certain degree of care and skill , that of the average

Qualified Practitioner,    Glidden  V.  Terranova  Mass. App. Ct. 427, N.E. 2d,

1169, 1170, (1981.) An attorney who violates this duty is liable for any of the

Reasonably foreseeable loss caused by his Negligence,  Fishman V. Brooks  396,

Mass. 643, 487, N. E. 2d, 1377, 1379 (1986).

[7]    Where Massachusetts Law is the main controlling factor, in which there is plenty

Of case law in supporting, a position, "where the claimed Legal Malpractice is so

Gross or Obvious that laymen can rely on their common knowledge or experience

To recognize or infer Negligence from the facts" Id., Pongonis V, Sabb, 486, N,E.

2d, @ 29, See; Barry, Legal Malpractice in Mass. 63, Mass. L. Rev. 15, 17 (1978).

[8.]   The plaintiff was seeking to introduce evidence of the underlying Negligence and

Mal-Practice by testimony of an expert attorney. The attorney Roger E. Hugh's

Testified that the Negligence was two fold, since the underlying attorney's were

Unaware of the extent of "Cowe's" injuries and therefore were unable to properly

Evaluate the proper amount of "Cowe's" claim and for the advice to settle his case

Before he "Cowe" reached an End-Result, where Expert Testimony was required

To establish both, the level of care owed by the attorney under the circumstance's

And the alleged failure to conform, Id., Wagenmann V. Adams, 829 F. 196, 218

(1st Circuit 1987.)

---

1

The plaintiff's attorney Hoffman contended the defendants references are mostly
False due to misapplication of case law from other jurisdictions now applies out

(Con't.) {ft. note}

    State cases for his own defense Id.

[9.]    Although the plaintiff had some knowledge as to a legal malpractice action that was

Committed by Lynch, Brewer, Hoffman & Sands in another trial "Cowe" had been

Totally unaware of the extent of this Malpractice (covered over by the corporation)

Which included monetary sanctions to be held against (L,B,H,&S)  by The Federal

District Court Boston, under W. J. Skinner D.J. committed a legal malpractice ¶ 20,

These defendants apparently deceived the Judge ¶ 22, and The plaintiff in that case,

Offended The Court, received a fine offered  not even a phone call that the Judge

Requested what chance does the plaintiff, have in all of this deception, Memo  &

Order May 14, 1993 ¶ 20, Motion Contempt & Enforcement P. 4, DISCUSSION

Pg. 6, ( C,) Holland's Liability  Exhibit D.

[10.]    On June 27,  2001 the plaintiff went to The Federal Archives Records Center  in

Waltham, Mass.  A900873  Requested accession numbers 021-960012 @ Box 118

To read Fed. Case 89-CV- 1665-S  Grier.  V . McGrath  in support of a this Claim

Exhibit E, Cowe never litigated a claim against  (L,B,H, & S)  for corporate fraud

In misrepresentation of the [F]acts made to the plaintiff, in which he had the right

To know the truth about counsels representations , or whether I should  continue

With counsels misrepresentations, in Court Exhibit F, & Exhibit G, Pg. 12, @40.

[11.]    The plaintiff "Cowe" had pursued his various remedies through numerous laws

Suits in Superior Court and in Appellate Division cases over the years in which he

Never argued any violation of the statute of limitations  December 21, 1987 quite

(Con't.)[11.]

To the contrary, because in any of the prior case's i.e. <u>Mass. App. Ct.</u>  94- P- 145

Cowe V. Pappas & Lenzo, the plaintiff argue that the statute of limitations was not

Violated, but not totally understanding the double filing, gave the corporation the

Benefit of the doubt, since he never discovered the issue until February of 2004.

[12.]   One of Hoffman's deceptive acts is from when he placed a call to "Cowe' at his

Wayland, Mass. home, awoke from his bed on 2/21/94 telling him that it was his

Last day to file an appeal in the case that took (L,B,H,&S) six years of delay to

Bring the case to trial, and we now know this case M. I. C. 87-7458 turned into

94-P-145 did violate the Statute of Limitations, after being convinced to purchase

Expensive Trial transcript, used his Social Security Disability Insurance (S.S.D.I)

Retro-Activity check, on a bogus case, wouldn't let the plaintiff and the issue just

Rest , he is to blame for his own ignorance, left by others to be at the heart of all of

The fault, <u>Exhibit H.</u>

[13.]   Under Massachusetts's law in a legal malpractice action, because of Title Fraud

In Real Estate the parties are allowed a 100-year period to uncover the malpractice

In which the Statute would begin to run for (3) years once the failure is discovered

Due sometimes to fraudulent practice, where a title search of the property for the

Homeowner would generally rely on the attorney's skills for the sale of property

Or transfer of Real estate where the attorney's may have failed to perform his job

Properly, thus it gives an unsuspecting buyer or property owner, power of recourse

Against those who are passed by time in law by expiration the statute of limitations

Con't.)[13.]

Covers professional malpractice actions as they become known, because you never

Known when you might turn up something, in the future, regarding selling a house.

## MALPRACTICE CONTINUES TO BE A SERIES OF MISTAKES

[14.]    Sloane & Walsh who represented  Lynch, Brewer, Hoffman & Sands in  1996

Case in The Suffolk Superior, contend in their Motion to Dismiss, that "Cowe"

Could have litigated in his complaint regarding ¶ 42, double insurane coverage

"Failure to abide by a client's specific instructions" To Investigate, never faced

The case merits were locked into a trial cheated to get it dismissed in Summary

Judgment and omitted the claim  Mrs. Lila  Moreau an Official Commonwealth

Stenographer was the "Key Figure" in not allowing  "Cowe"  to  prove  his last

Case in the Mass. Appellate Division Exhibit I, &  Exhibit J.

[15.]    By the use of the December 18, 1996 Superior Court Transcript, "Cowe' would

Have been able to argue the Summary Judgment dismissal violated the law in it's

Second request that the defendants were not entitled to the Summary Judgment as

A matter of Law but Mrs. Moreau  became a party who fraudulently stymied this

Suffolk Superior Court  S.U.V. 96-5600 dismissal after  Summary Judgment was

Sent back down to the lower Superior Court, caused delay, found to be premature,

By The Clerk of The Massachusetts Appellate Court in  99- P - 685  which turned

Into 99-P-1716 more than a severe delay, requiring  monthly status on the progress

In recovering the case transcript has never forth coming Complaint ¶  31, - 37, 41.

[16.]    The evidence in the Appeal being in the transcript, if it was recovered would
Have shown that (L,B,H,&S ) through their defense attorney 's Sloane & Walsh
Under John P. Ryan filed in S.U.V. 96-5600H for dismissal in Suffolk Superior
Court used up Local Rule 10 from a filing on the Miscellaneous Business Docket
(M.B.D). Cases filed on the Miscellaneous Business Docket ¶ 26 were entitled to
Only a single dismissal under the Rules of Court which they used   December 16,
1996 in an EMEREGENCY MOTION but denied By the Superior Court Judge
Roseman D., J.S.C., but were allowed a dismissal by Smith H.. Jr. 9/ 12/ 97  D.

[17.]    It is true therefore that "Cowe" had other lawsuits Res Judica in which he "Cowe"
Tried to move his life ahead of the seriously debilitating injuries, that  (L,B,H,&S )
Bifurcated away his rights claiming it was  Judge  W..I. Gershengorn  who decided
This action is a false statement,  because in <u>G.A. Grier V. McGrath</u>  89-cv-1665-S
A preceding parallel case (L,B,H,&S)  handled before the honorable Judge Skinner
W. J. D.J. ORDERED it on March 19, 1992 a proposal that changed into a Court
Order that has astounding similarities, Complaint ¶ 17, too my bifurcated case ¶ 18.

[18.]    (L,B,H,&S) through Alan R. Hoffman. refused to represent  "Cowe," in an action
Of Products liability, in which this was his choice to make, where he could not help
The injured individual obtain Social Security Disability Insurance benefits, <u>Ex. F,</u>
"Cowe" qualified on his own after an Appeal of the process,  nor could he help him
On single case in point against Chevrolet Motor Corporation (C.M.C.,) in <u>Cowe V.</u>
<u>CMC, Et. Al., Porter Chevrolet Inc.,</u> Middlesex Superior Court  Remand   # 92-91.

[19]    Mr. Cowe rectified the situation by filing a Mass. Gen. L. § 7 N & ½, saved his Own neck from complete financial disaster, then after winning his legal action, It was later found that Hoffman eventually used this information against "Cowe" To belittle him, used in a single tell all Motion in Limine against Cowe placing Him in a bad light along with (L,B,H,&S) expert witness Roger Hugh's with the Defense of Parker, Coltier, Daily & White ¶ 44 The Middlesex Superior Court.

[20.]    Additionally (L,B,H,&S) attorney Alan Holland who initially signed the first Contingent fee agreement kept delaying, "Trial" for several years eventually Never showed up for "Cowe's" trial left him stranded at trial stage for proper Representation by counsel because Alan R. Hoffman sat out the Oct. 4-7 1993 Trial seeing it for myself, with my own eyes, I would not have believed it for a One minute "Hoffman's Inept performance" so I went and did research on the Law, drafted and filed my own complaints after discovery Id.

[21.]    Sloane and Walsh had the S.U.V. - 96-5600H case dismissed in a motion for a Summary Judgment after violating a ( M.B.D.) entitlement of a single dismissal Rule along with every other rule in the book contended, that "Cowe," was a day Late by the filed action date (as they argue before, the statue of limitation), was Expired as of Oct. 8th 1996 but due to the [F]act, that Middlesex Superior Court Clerks Office was closed when 87-7468 verdict was returned late in the day on Oct. 7, 1993 a Judgment was entered on October 8,th 1993 ¶ 23, by the Clerk of Middlesex Superior Court, Mr. George Liacano entered the Judgment properly And was beyond the control of the plaintiff, He never once questioned until J.P.

9

(Con't.)[ 21.]

Ryan Of Slaone & Walsh Proved his case with it, contrary to defendants S.A. pg. 6

Exhitbit K. And S.A. 11 Appeal Notice dates Oct. 8, 1993, Exhibit L.


[22.]    Judge Smith H., Jr. J.S.C. allowed the dismissal binding the Commonwealth of

Massachusetts to an error in its Judgment according to counsel Sloane & Walsh

Entered Judgement Oct. 8th in 87-7468 "Ryan" argued Oct. 7, as "Cowe" relied

On that date for a Statute of Limitations deadline, he received a dismissal, for all

Of the plaintiff's efforts in the Preparation a Summary Judgment, neither party

Being, (1) The Commonwealth of Massachusetts Court Judge or any attorney's

Can take responsibility honestly, for all of the wrong that they wrote, certainly lied

To the court seems to be a normal everyday practice, is why were are still locked in

Litigation, is because every time I start to win, at something the attorney corrupts

The legal process against the plaintiff and claims absolute Immunity to all of the

Misrepresentation by lying, all of the Deception, always by cheating someone out

Of their eye teeth as to Judge Gershengorn's court decision, ordered on the 8th.

Executed by Clerk G.M. Liacano Ex. K.


[23.]    The contention by the plaintiff is that if the Commonwealth's Clerk of Middlesex

Court made a bad decision regarding the Judgment entry date that Sloane & Walsh

Were able to so easily pick apart a weak point is that one of these parties are wrong,

Being that they both cannot be right, as to any fairness in the [L]aw is a take your

Pick and Choose attitude as to which is the proper entry date, for Judge to select is

(Con't.)[ 23.]

Based on a corrupted process, where the entry date, is what the record reflects and Was most likely something made up by Sloane & Walsh, not by Commonwealth Superior Court Clerk "Liacano" Entering a recorded Judgment as Oct. 8, 1993, Is argue by the plaintiff that it should Stand Oct. 8, 1993 as the record reflects this, Ex. K.

[24.]    In the 1996 Suffolk Superior Court case Asst. Court Clerk Dailey called this Case, just before 10:00 A.M. in which the defense counsel for L,B,H,& S, was Not present during the first call, "Cowe" had written Sloane & Walsh a letter Prior to The EMERGENCY MOTION requesting the defendant's attorney J.P. Ryan to be present before the Emergency Motion Hearing to discuss some of The issues, that could be resolved "J.P. Ryan Esq." chose not to show on time, Id.

[25.]    Judge D. Roseman J.S.C came to the bench The Asst. Clerk Daily made his Second call for the parties, there was no response so The Court Defaulted the Defendants (L,B,H,& S) entering a Judgment for the Plaintiff Complaint ¶ 28,.

[26.]    As the plaintiff was leaving the Middlesex Superior Courtroom which was Utilizing space while Suffolk Courthouse was being built used the 8th floor Sloane & Walsh's being their only representative made a late and defaulted Appearance , and even though "Cowe" had every right to walk out of Court At this point, he decided that the importance of the matter be heard open in Court with opposing counselor John Ryan. The plaintiff acknowledged the

11

(Con't.)[26.]

Presence of Defense counsel now arriving late, with The Asst. Clerk Daily, Mrs. Moreau recorded the event ¶ 27,.

[27.]  The Asst. Clerk  agreed to bring Judge Roseman back out to the bench to have The Default, was removed and he heard oral arguments regarding the defendants EMERGENCY MOTION  based on Local Rule 10 found at that time, that there Was No Emergency to constitute  proper application of the motion unless it was For an injured person,  and not the corporation and that the defendants would be Bound over for a Trial thus using up the Local Rule (10) single dismissal, which "Cowe" went to The Suffolk Superior Court Administrative Offices located at 90 Devonshire St. 8th Fl. Boston, Massachusetts told  "Cowe" That Mrs. Lila Moreau is responsible for recording the event on Dec. 18, 1996 that she could See "No Reason" why I could not get the Suffolk  Superior Court transcript on Record in her administrative office file, managed under Susan Del-Vecchio Ch. J. S C. .

[28.]  At the conclusion of the motion trial of Dec.18, 1996 attorney John  Ryan gave Mrs. Moreau his business card in my presence and blurted out … "OH your right Out in front of This Courthouse." In which I'm sure they made contact with each Other afterwards Id. And  is most likely why I could not,  get my transcript where Cowe having the appeal under way at this point  was required  to submit monthly Status reports,  ¶ 33, is an extra work load, and possible used to deter the plaintiff.

[29]    This was Mrs. Moreau's inability to deliver "Cowe's" transcript and be willing

To supply the prepaid Transcript that each and every other person would normally

Be entitled to violates Mass. Gen. L. c. 93A § 1-9 within the meaning of ordinary

Trade and Commerce ¶ 37,  being quoted a price based upon the transcript's length,

Paid by United States Postal Money $150.00 dollars,  ¶ 32, would be approximately

(50) pages @ $3.00 a page for a ten-minute motion hearing may have been a bit

Excessive but paid for it anyway, only to be sent back, to her residence, ¶ 34,

Simply could have mailed the transcript, as the Court Administrative Office said;

Susan Del-Vecchio is in charge of The Superior Court Administration Office's

Complaint ¶ 4.


[30.]    Secondary to my case was that the Transcripts, I paid for and used as evidence

And file in evidence at The Suffolk Superior Courthouse. There were Seven (7)

Paginated Volumes 1-7 Hoffman called the plaintiff out of bed for (4) days of

Trial Testimony, That of Neal A. Cowe, Silvanna Cornelio-Cowe,. Roger E.

Hugh's Daniel F. Lenzo And Michael Mone, are currently being Held by The

Commonwealth of Massachusetts in the Suffolk Superior Courthouse, after the

Court ruled for the defendant attorney's which, allowed the court to keep them

Was Sloane & Walshs undoing in representing (L,B,H,&S) Id..


[31.]    There have been many cases most of them argued out on Appeal including (2)

Cases for Further Appellate review (1) F. A. R. 12345 December 7, 2001 entered

On S.J.C. Docket Dec. 21,[th] 01 defendants never even bothered to respond at all to

Answer wrapped the case up in the Office of Susan Mellen Clerk of the Supreme

(Con't.)[ 31.]

Court employee of The Commonwealth of Massachusetts,  the brief never argued Any Violation of The Statute of Limitations against  (L,B,H,&S) where a Decision Was always in favor of the defendants, the plaintiff lived by it, <u>Exhibit L.</u>

[32.]  The Bifurcation is an entirely different Issue that has always been a manipulative Tool used to bounce the case between the Attorney and The Court mostly against The plaintiff  is something cooked up, by Hoffman fashioned after 89-cv- 1665 S Judge Skinners Decision is quite clear with regards to the law firm and attorney's. <u>Exhibit M.</u>

[33.}  The plaintiff intended to call Dr. Gregory W.  Brick for his expert testimony to Prove the extent of "Cowe's" injuries at the time of the settlement,  ¶ 17,  as well The damages caused by "Lenzo's"  negligence in failing to bring the case to trial, Plaintiff's opposition  to defendants  Motion in Limine, <u>Ex. C.</u>

[34.]  The Trial Court retains inherent power to enforce settlement agreements entered Into between  parties, to an action that was before the court,  *E.g., Dankese V. Defense Logistic Agency* 693 F. 2d. 13, 16 (1st Cir. 1982). Alan Hoffman Never Rescinded the Settlement agreement in which he breached his contact with the Plaintiff  to do so, never intending to prosecute, anyone for Legal Malpractice.

[35.]  In more recent events the plaintiff was struck  again  on  November 29, 1999, At 11:45 A.M. on Rte 9, Wellesley, Norfolk County,  Massachusetts a case in Diversity at  Federal District Court Eastern Division @  Boston, Civil Action

Filed on November 27, 2002 Docket Number 02-12313-PBS D. February 7, 2003 after Federal Court dismissed without prejudice $2,000.00 threshold, to Allowed plaintiff to Re-file in State Court within reasonable amount of time, $75,000.00 Controversial Dollar Amount was not established, <u>Exhibit N.</u>

[36.]  The plaintiff file Dedham District Court secondly opposed  Mitchell &De-Simone representing to this Court, That Dedham was the first filing it was A third filing, in which through the Dedham Case These Defendants asked In Defendant Lee S. Thornton's  Second Request for admissions to plaintiff Propounded Pg. 1, Request No. 123-128  <u>Exhibit O.</u>

[37.]  The plaintiff learns of claim submitted to The Massachusetts industrial accident Board (secondary to an injury) on 8 / 25 / 87 was removed to Melrose-Wakefield Hospital from M&Z of Saugus. Mass., Complaint ¶ 46, while employed  Request No. 124, received $540.00 a week, plaintiff never received a dime, resulting from A back injury attributed to moving tile from  the  conveyor belt,  Complaint ¶ 15, But certainly not as the defendant attorney suggests, Unloading a Truck ,...P.E.M Is not  even close to the truth,  that I could only imagine that it was taken from a Respondent's Brief prepared by McDonough & Hacking  in  94-P-145 ....Nancy A. Seventi  from M87-7468 trial testimony on appel.

[38.]   The plaintiff being deposed on September 12, 2003 Pgs. 39-43 plaintiff denied Mitchell & DeSimone's assertion I collect any Workers Compensation during Any tenure "Hoffman" had over my case, including specifically on August 25,

1987, called me less that truthful,  Request 128,  concerning prior claims for

Workman's Compensation claims, can not supply one piece of evidence, too

Show "Cowe' ever collected from  Massachusetts Industrial Accident Board

<u>Ex. O.</u>

[39.]   This driving force in the dismissal, is so that I cannot now Subpoena the records

Of  The Commonwealth of Massachusetts records because of the rush to dismiss

A case exposed by an attorney about an attorney is not suppose to happen, even

Though Mitchell & DeSimone wanted to win the Dedham case at all cost, went

Overboard with the medical discovery they we pretending they were going to

Use it at trial, but dumped it as Hoffman did, "Mitchell"  fashion another case

After this one, knowing  where the appellate took no action, Id.

[40.]   The Suffolk Superior Court allowed the injured plaintiff to struggle with every

Motion submitted to them, Under Superior Court rule 9A, abused of power in

Disclosure, after roughly 40 docket entries could not simply state,  provisions

Of  Mass. Sup. Ct. R. 9A should have been sent to the defendants 13 days prior

To filing, allowed the plaintiff to continue to do wrong without any notification,

Where it could have simply marked on the side of the returned motion that the

Requirement of the Court is a 13 day return of answer period be corrected before

Any more motion are filed, Id., before the damage was done Complaint ¶ 40.

[41.]   The action currently before this court in an action for legal malpractice based

On an inadequate Settlement of a personal injury claim resulting from a 1984

Accident where the plaintiff had a continuous fraud played upon him and his

Family, but supports the attorney's position regardless of the relevant evidence

The defendant portrayed the plaintiff as a litigious individual as in <u>Kramer V.,</u>

<u>John Handcock Mut. Life,</u> 146, N.E. 2d, 357 (1958), regarding evidence and

Its admissibility Fed. R. Evid. 401, 402, especially if it tends to establish the

Issue Pg 2, (A), <u>Exhibit P.</u>


## CONCLUSION


For all of the above reason, the defendants motion to dismiss

Should not be granted.

Neal A. Cowe
1393 Briar Ridge Ct.
Jonesboro, Georgia 30238
1 (770) 477-1199


## CERTIFICATE OF SERVICE

I, Neal A. Cowe certify that on November 15, 2004, I made service to the

Defendants a motion in opposition to a dismissal sent by U. S Postal Service

Regular mail by pre-paid postage.

Dated
Nov. 15, 2004

Neal A. Cowe
1393 Briar Ridge Ct.
Jonesboro, Georgia 30238
1 (770) 477-1199

# CONTINGENT FEE AGREEMENT

## [To be Executed in Duplicate]

Date: January 30, 19 87

The Client Neal A. Cowe, 132 Oxbow Road, Wayland, MA 01778
      (Name)            (Street & Number)            (City or Town)

retains the Attorney Lynch, Brewer, Hoffman & Sands, 10 P.O. Sq., Boston, MA 02109
        (Name)            (Street & Number)            (City or Town)

to perform the legal services mentioned in paragraph (1) below. The attorney agrees to perform them faithfully and with due diligence.

(1) The claim, controversy, and other matters with reference to which the services are to be performed are:
Recovery of damages for injuries received in connection with an automobile accident occuring on February 4, 1984 and/or for legal malpractice against the firm of Pappas and Lenzo.

(2) The contingency upon which compensation is to be paid is:
40% of the gross amount recovered.

(3) The client is not to be liable to pay compensation otherwise than from amounts collected for him by the attorney, except as follows: as provided in paragraph (5).

(4) Reasonable compensation on the foregoing contingency is to be paid by the client to the attorney, but such compensation (including that of any associated counsel) is not to exceed the following maximum percentages of the gross (XXX) [indicate which] amount collected. [Here insert the maximum percentages to be charged in the event of collection. These may be on a flat basis or in a descending scale in relation to amount collected.] 40%

(5) The client is in any event to be liable to the attorney for his reasonable expenses and disbursements.

This agreement and its performance are subject to Rule 3.14 of the Supreme Judicial Court of Massachusetts.

## WE EACH HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT.

Witnesses to signatures

(To client) _____     _Neal A. Cowe_
                                       (Signature of Client)

(To attorney) _____     _Alan R. Hoffman_
                                       (Signature of Attorney)

[If more space is needed separate sheets may be attached and initialled.]     S.A. 7

**Authorized by SUPREME JUDICIAL COURT OF MASSACHUSETTS**

# Commonwealth of Massachusetts

MIDDLESEX, SS.                                                      SUPERIOR COURT

                                                                    87-644
                                                        No._____

Neal A. Cowe
_____,  Plaintiff (s)


                            vs.


Thomas Murphy et al
_____,  Defendant (s)


### JUDGMENT OF DISMISSAL


The within action, including any and all pending claims, is
hereby DISMISSED for failure to comply with the dismissal
nisi order previously entered by this court.


                    By the Court,   (McDaniel, J. .)


Entered        4/19/88          Edward J. Sullivan, Clerk


CC:
        A.R. Hoffman
_____

_____            ASSISTANT CLERK

_____

_____

_____


                            S.A. 3
                            EX B

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 87-7468

```
                              )
NEAL A. COWE,                 )
            Plaintiff         )        PLAINTIFF NEAL A. COWE'S
                              )        OPPOSITION TO DEFENDANT'S
v.                            )            MOTION IN LIMINE
                              )
DANIEL F. LENZO and           )
GARY A. PAPPAS,               )
            Defendants        )
                              )
```

Now comes the Plaintiff, Neal A. Cowe, and hereby responds to Defendant Daniel F. Lenzo's Motion in Limine as follows:

I. BACKGROUND

Plaintiff's claim of legal malpractice is based upon a series of failures by his attorney Defendant Daniel F. Lenzo ("Lenzo") which resulted in Lenzo's negligently causing his client, Neal A. Cowe ("Cowe"), to settle a claim for personal injuries below what a properly represented client would have urged to accept. The undisputed facts are that Lenzo urged Cowe to settle his personal injury action, as to which liability was clear, for $14,000 about 32 months after the accident without ever putting his case in suit, despite Cowe's instruction to do so, and that Cowe accepted this recommendation in reliance on Lenzo's advice. One of the

Ex C.

methods by which Plaintiff will seek to prove Defendant's
negligence is through the expert testimony of attorney Roger
Hughes.  In addition, Plaintiff intends to offer expert medical
testimony of the extent of Cowe's injuries and the cause of
those injuries.

The Defendant Lenzo is seeking the exclusion of much of
this evidence.  While Lenzo asserts there is ample case law
supporting his position, the law he references is mostly a
misapplication of case law from other jurisdictions.

## II.  ARGUMENT

### A.  Expert Testimony In Support of Cowe's Negligence Claim is Admissible.

An attorney owes his or her client a duty to exercise the
degree of care and skill of the average qualified
practitioner.  <u>Glidden v. Terranova</u>, ___ Mass. App. Ct.___, 427
N.E.2d 1169, 1170 (1981).  An attorney who violates this duty
is liable for any reasonably foreseeable loss caused by his
negligence.  <u>Fishman v. Brooks</u>, 396 Mass. 643, 487 N.E.2d 1377,
1379 (1986).  Whether an attorney has exercised sufficient
legal care is a question of fact for the jury to decide with
the aid of expert testimony.  <u>Glidden</u> at 1170.  When a party
who was the plaintiff in a legal action sues his attorney for
legal malpractice, he must establish that he probably would
have succeeded in the underlying litigation were it not for the
attorney's negligence.  <u>Glidden</u>, at 1171.  The client need not
show a perfect claim, but must show at least that he has a
probability of success.  <u>Colucci v. Rosen, Goldberg, et al.</u>, 25

Mass. App. Ct. 891, 515 N.E.2d 891, 895 (1987).  Expert testimony is required to establish both the level of care owed by the attorney under the circumstances and the alleged failure to conform.  <u>Wagenmann v. Adams</u>, 829 F.2d 196, 218 (1st Cir. 1987).

Plaintiff is seeking to introduce evidence of Lenzo's negligence through the testimony of its attorney expert, Roger Hughes, Esq.  Mr. Hughes will testify that Lenzo's negligence was twofold.  First, since Lenzo was unaware of the extent of Cowe's injuries, and therefore unable to properly evaluate the Cowe's claim, Lenzo was negligent in advising Cowe to settle at all.  At the time Lenzo advised Cowe to settle, Cowe had not yet reached an end result with his injury and continued to experience severe physical difficulties.[1]  Lenzo's failure to assist Cowe to obtain an <u>adequate</u> medical evaluation of Mr. Cowe's injuries and his urgent recommendation to Cowe to settle <u>without</u> such evaluation were the principal <u>acts</u> of negligence. Secondly, even if one assumes that Cowe had reached an end result at the time Lenzo urged him to settle, Lenzo negligently evaluated the case and recommended to Cowe that he settle for

---

[1]  Although Lenzo's Motion in Limine is based upon the factual premise that prior to the time of the settlement Lenzo had been told by Dr. Carroll that Cowe had reached an end result, the Motion conveniently omits the fact that Lenzo was aware that Cowe was still experiencing pain at the time of the settlement and had treated with two medical providers after he ceased treating with Dr. Carroll, a chiropractor, (see Exhibits A and B).  Under these circumstances, Lenzo was clearly not entitled to rely on Dr. Carroll's out of date report and had an affirmative duty to investigate the extent of Cowe's injuries.

about one-third its settlement value, under that assumption.

Defendant cites <u>Fishman v. Brooks</u> in support of his argument to exclude Plaintiff's expert's testimony. Such a citation is curious as the Supreme Judicial Court in <u>Fishman</u> allowed expert testimony of the fair settlement value to prove Fishman's negligence as well as to prove damages. <u>Fishman v. Brooks</u>, 396 Mass. 643, 487 N.E.2d 1377, 1389 (1986).

Lenzo's negligence must be established by expert testimony to support Plaintiff's claim. The case at bar is similar to <u>Fishman</u> in that the attorney in <u>Fishman</u> was negligent in both his handling of the case and negligent in the exercise of his professional judgment. The S.J.C. found, that by failing to exercise the degree of care of the average qualified practitioner in recommending a settlement, the attorney was negligent. Expert testimony is necessary to show what the average qualified practitioner would have done under the circumstances since such information is generally not within the factfinder's knowledge. <u>Fishman</u> at 1380 - 1381.

Hughes' testimony is necessary to show that an attorney exercising the degree of skill and care of the average qualified practitioner in a personal injury case would not have settled without determining the full extent of his client's injuries. Only after acquiring such knowledge could the attorney have properly evaluated his client's claim to determine whether to advise his client to put the case in suit, or to accept a settlement offer. Secondly, Hughes will opine that the average qualified practitioner would not have settled

-4-

the case, as to which liability was clear, for $14,000, even if the client had been determined to have reached an end result in September of 1986.

Defendant's Motion attempts to divert this Court's attention from the mandate of Massachusetts law which requires expert testimony. See, Wagenmann v. Adams, 829 F.2d 196; Fishman v. Brooks, 487 N.E.2d 1377; Glidden v. Terranova, 427 N.E.2d, 1169 (1981), Celucci v. Rosen, Goldberg, Siavet, Levenson & Wekstein, P.C. 515 N.E.2d 891, 894 (1987); Pongoris v. Saab, 396 Mass. 1005, 486 N.E.2d 28, 29 (1985). Defendant's motion argues expert testimony which does not have a factual basis must be excluded. However, Fishman indicates that even if the attorney is properly informed of all relevant facts and law, he may still cause his client to settle for an amount below what a competent attorney would approve. Fishman at 1380. See also, Rodgriquez v. Horton, 95 N.M. 361, 622 P.2d 261, 264 (1980) (expert testimony that attorney's advise to settle for unreasonably low figure was negligent is admissible); Heimbrecht v. St. Paul Ins. Co., 122 Wis.2d 94, 362 N.W.2d 118, at 128 (1985) (expert testimony necessary to establish what a reasonably prudent attorney would have done under the circumstances). Therefore, a specific negligent act or omission is not a necessary basis for an expert's testimony on an unreasonable settlement value since expert testimony of the attorneys negligent exercise of professional judgment is clearly admissable. Fishman v. Brooks, 487 N.E.2d 1377; Rodriguez v. Horton, 622 P.2d 261. Regardless, Plaintiff

-5-

submits that his expert testimony is based on particular omissions of Lenzo which will support his testimony. For example, Plaintiff and his expert will rely on Lenzo's failure to obtain an adequate medical evaluation of Cowe's condition prior to the settlement as one of several negligent acts which he committed.

B.    Evidence Of Cowe's Post-Settlement Medical Condition Is Admissible.

The second type of evidence which Defendant's Motion seeks to exclude is any evidence of Cowe's medical condition which arose after the date of settlement. A malpractice action has been described as a "trial within a trial" in which the defendant attorney seeks to prove that the result in the underlying action would have been the same even if he had not been negligent. The factual issues involved in the underlying action are presented to the trier of fact in the malpractice action with the burden of proof placed as it was in the underlying action. _Glenn v. Aiken_, 409 Mass. 699, 569 N.E.2d 783, 787 (1991).

Cowe intends to introduce the testimony of his expert, Gregory W. Brick, M.D. (whose report is attached hereto as Exhibit C) to prove both the extent of his injuries at the time of settlement, as well as the damage caused by Lenzo's negligence in failing to bring the case to trial.

To prove damages in a legal malpractice claim, Plaintiff must show either: