UNITED STATES DISTRICT COURT
DISTRICT OF MASSSACHUSETTS

CIVIL ACTION NO. 04-11520-RWZ

NEAL A. COWE

v.

LYNCH, BREWER, HOFFMAN AND SANDS, et al.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS

January 10, 2005

ZOBEL, D.J.

Plaintiff, an unsuccessful litigant on several earlier occasions, brought this confusing and not entirely intelligible complaint against 1) Lynch, Brewer, Hoffman and Sands, his counsel in a legal malpractice action against counsel who had represented him in a motor vehicle tort claim, 2) Sloane & Walsh and John P. Ryan, counsel for Lynch, Brewer, Hoffman and Sands when plaintiff sued them for legal malpractice, 3) Mitchell & Desimone, who had been counsel for the defendant in the original motor vehicle tort suit, 4) Lila Moreau, an official court reporter in the Suffolk Superior Court who apparently reported the summary judgment proceedings in the malpractice case against Lynch, Brewer, and 5) Suzanne DelVecchio, the Chief Administrative Judge of the Superior Court whose office "managed" Ms. Moreau. The events underlying the several claims go back as far as 1984 when the motor vehicle accident occurred and continue through 1997 when the Superior Court heard the motion for summary judgment in the second malpractice action. The instant complaint was filed on June 23, 2004. All defendants have moved to dismiss on various grounds. All motions are

allowed.

Although the complaint sets out 9 counts, it is difficult to discern either the legal theory advanced in each of these counts or the defendant charged.  Accordingly, I will address the motions by defendant.

1.  <u>Lynch, Brewer, Hoffman and Sands</u>.  The claims of malpractice against these lawyers arise out of a representation that ended at the latest in 1993, and they are thus untimely even under the longest limitations statute, the four-year statute for violations of Mass. Gen. Laws ch.93, Mass. Gen. Laws ch 260, § 5A.  More compelling, however, is the fact that plaintiff had brought the same claims once before, in 1996, and lost.  He is barred by the doctrine of res judicata from relitigating the issues then presented and those he might have included in that proceeding.

2.  <u>Sloane & Walsh and John P. Ryan</u>.  These lawyers were counsel for defendants plaintiff had sued.  They owed no duty to plaintiff and their conduct with respect to that litigation is protected by a privilege that renders them immune from suit. <u>Sriberg v. Raymond</u>, 370 Mass 105 (1976).  In addition, these claims, too, are untimely.

3.  <u>Mitchell & DeSimone</u>.  The claims against these lawyers arise out of their representation of the first defendant in the series and are defective for the same reasons articulated above as to Sloan & Walsh.

4.  <u>Lila Moreau</u>.  Apparently plaintiff complains of a delay in the preparation of a transcript, which by itself does not state a claim upon which relief may be granted. Moreover, this defendant is sued as a "Commonwealth of Massachusetts Official Court Reporter" and as such is a public employee.  Any claims for tortious conduct by her must therefore be brought against her employer and are conditioned on compliance

with statutory prerequisites.  Mass. Gen. Laws ch. 258 § 4.  These prerequisites have not been met.

5.  <u>Suzanne DelVecchio</u>.  Although the complaint does not call into question Judge DelVecchio's judicial conduct and the doctrine of judicial immunity does not therefore bar suit, it does fail to state any claims whatsoever against her.  There are simply no allegations of any conduct, let alone conduct that was in any way wrongful.

For the reasons set forth, the motions to dismiss are allowed.  Judgment may be entered dismissing the complaint with prejudice.

|                          | /s/ Rya W. Zobel                                  |
| ------------------------ | ------------------------------------------------- |
| DATE                     | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE      |